## VAN EPPES *vs.* SMITH.

1. A *certiorari*, to remove a cause from a justice's court into the Circuit Court, should not be dismissed because the petition does not set forth a sufficient reason for its issuance.
2. A person dealing with one who professes to be an agent for another, is bound to know the extent of his authority; and the agency must be proved by other evidence than the acts of the supposed agent, before it can be assumed that his acts are binding on the principal.
3. The Appellate Court will only consider such errors as are assigned and insisted on.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

Smith sued Van Eppes and one Stall by warrant before a justice of the peace, on an account for work and labor done, to the value of $23. The warrant was executed on both defendants, the case was tried, and judgment rendered for the defendants. Smith brought the case to the City Court of Mobile, and there filed his statement against Van Eppes alone, and it does not appear that his co-defendant, Stall, was, at any time, treated by the pleadings, on the trial, or in the judgment, as a party to the suit in the City Court. Van Eppes pleaded the general issue, and a trial was had on the merits of the case.

Before the trial commenced on the merits, the defendant's counsel moved to dismiss the petition and writ of *certiorari*, because no sufficient reason was stated in the petition why the plaintiff did not appeal from the judgment of the justice of the peace. The motion was overruled, and the defendant excepted.

On the trial, as appears by the bill of exceptions, Stall was examined as a witness, and deposed that he had requested the plaintiff to do the work for the value of which the suit was brought; that it was agreed that plaintiff should receive $23; that Van Eppes was absent at the time, and knew nothing of it; that Van Eppes owned a livery stable, and witness attended to the letting out of horses and carriages to hire, and re-

ceived the money for such hire, which he paid over nightly to one Austin, to whom Van Eppes directed him to pay it in his (Van E.'s) absence. The work done by plaintiff was the putting up of an awning in front of the stables. Witness had no authority to make the contract, other than that before stated; that Van Eppes did not enlarge his authority when he went away; that witness paid over the money nightly to Austin, as he had been directed to do.

Austin proved, that he and A. W. Van Eppes were the general agents of the defendant, with full powers; that this fact was made known to the world by advertisement in a city paper; that as such agent, he had discharged Stall from his employment, before the contract was made with plaintiff; he further proved, that he positively forbid the plaintiff from putting up the awning, when he came for the purpose of doing so, and told him, if he did put it up, neither witness nor Van Eppes would pay him for it. There was other testimony given on both sides, but it does not vary this proof or affect it materially.

The court charged the jury, that a man might have several agents with full powers to do the same act, and if plaintiff had ground sufficient to satisfy an ordinarily reasonable man of the agency of Stall, and that he had performed the work and delivered it, before he was informed to the contrary, it would be sufficient to charge the defendant; that the publication in the Gazette, could not be considered as notice to the defendant of the agency of Austin and A. W. Van Eppes, unless it was shown that the plaintiff was a subscriber to the newspaper in which it was made, or was in the habit of reading the paper, or had been informed of, or seen the advertisement itself. Defendant's counsel asked the court to charge the jury, that, before they could find for the plaintiff, they must be satisfied from the facts and circumstances in proof, that the plaintiff had authentic knowledge of the agency of Stall; which charge the court refused to give. The defendant excepted to this refusal to charge, and also to the charge given by the court.

The refusal of the court to dismiss the petition for certiorari and the writ, the charges given, and the charges refused, are here assigned for error.

WM. G. JONES and RAPIER, for plaintiff in error:

1. The *certiorari* should have been dismissed, because the petition shows no reason why an appeal was not taken from the judgment of the justice.

2. The original warrant was against Van Eppes and one Stall jointly, and was returned "executed" generally. In the City Court, the plaintiff declared against Van Eppes alone. This was a discontinuance as to both. 8 Ala. 491; ib. 810; 9 ib. 127; 8 Porter 49; 5 S. & P. 206; 1 Stew. 62.

3. The court also erred, in the charge to the jury as to the proof of agency, and the refusal to charge as requested. The doctrine is well settled, that a party dealing with one who professes to act as agent, is bound at his peril to inquire into his authority, and must prove the agency. 3 Stew. 23; 9 Porter 210; Paley on Agency 309.

G. N. STEWART, *contra.*

LIGON, J.—The motion to dismiss the writ of *certiorari*, because the reasons set forth in the petition for it were not sufficient to authorize its issue, was correctly overruled by the court below. The statute which allows appeals and writs of *certiorari* to judgments rendered by justices of the peace, declares, that when such cases reach the appellate court, they shall be tried *de novo* on their merits, upon issues made up under the direction of the court, thus indirectly forbidding their dismissal for any irregularities in the manner of bringing them before that court.

On the trial, it appears by the bill of exceptions, the court charged the jury, "that a person may have several agents, with full powers to do the same act, and if the plaintiff had ground sufficient to satisfy an ordinarily reasonable man of the agency of Stall, and that he had performed the work and delivered it, before he was informed to the contrary, it would be sufficient to charge the defendant." This, as a proposition of law, cannot be supported. The inferences of a party dealing with one whom he supposes to be the agent of another, deduced alone from the acts of such supposed agent, are no proof of agency, and the jury should not be told to look to them as such. In Scarborough v. Reynolds, 12 Ala. 253, it

is held, "that the agency of a party must first be proved by other evidence than his acts, before it can be assumed that his acts are binding on the principal." Some act of the principal, in relation to the thing done, is indispensable to make out the agency, and the pretensions and acts of the party assuming to be the agent have no foundation upon which to rest, until the principal is thus connected with them.

The text books lay it down as a rule in such cases, and this court has repeatedly reiterated it, that, when a person deals with one who professes to be the agent of another, the person contracting with him is bound to know the extent of his authority. Paley on Agency, 309; Fisher v. Johnson & Campbell, 9 Por. 210; Gullett v. Lewis, 3 Stew. 23. But the last part of the charge in this case assumes the law to be, that if a party deal with one whom he reasonably supposes to be the agent of another, the contract is binding on the latter, unless he informs the dealer before the contract is completed that the professed or supposed agency does not exist. This is manifestly erroneous, and based upon a misconception of the law; for under it the burden of proof is thrown on the defendant, and he is required to prove the want of authority of him who unauthorizedly intermeddles in his business; when by the rules of law, it is on the plaintiff to show the fact of agency.

In the brief of the counsel for the plaintiff in error, our attention is called to the fact shown by the record, that the parties before the justice of the peace, and those to the issue in the City Court, are not the same, and it is insisted that the case should be reversed for this error also. We decline pronouncing an opinion on this part of the case, because no point appears to have been made on it in the court below, or in the assignment of errors in this court, and we will not consider errors unless they are assigned and insisted upon.

For the error shown above, let the judgment be reversed and the cause remanded.