## LAWRENCE *vs.* RANDALL & CO.

[ACTION ON ACCOUNT—AGENCY.]

1. *Agent, person dealing with ; what required of.*—One who deals with an agent is bound to know the extent of his authority.

2. *Charge to jury ; what, error to refuse.*—R. went to L. and requested him to purchase a small lot of paper for him, (to make paper bags,) of R. & Co. L. consented, and sent his confidential clerk with R. to R. & Co. and purchased the quantity of paper desired ; the purchase was on credit and charged to L., and when it fell due it was paid by L. R. needed more paper, and he and L.'s clerk went again to R. & Co., and a second lot of paper was gotten on like credit as at first. This was delivered to R. at L.'s saloon, and a carrier's receipt was given for it in L.'s name. In a suit by R. & Co. vs. L. for the price of this paper, L. deposed that the second lot of paper was gotten without any authority from him, and he knew nothing of it, and that it was not gotten for him or for his use, and moved the court to charge the jury, "That unless the defendant (L.) authorized by himself or his agent the purchase of the paper in question on the credit of the defendant (L.), then the defendant is not liable for it,"—*Held*, the refusal of this charge is error.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

The facts are sufficiently stated in the opinion.

C. W. RAPIER, for appellant.—It is settled law on the
subject of agency, that wherever an agent having proper
authority makes a contract for his principal, that contract
is obligatory on the principal.—Story on Agency, § 442.
The principal is bound where the agent is acting within
the scope of his usual employment, or is held out to the
public or to the other party as having competent author-
ity, although in fact he has, in the particular instance,
acted without authority.—Ib. § 443.    So if a contract is
originally made without the authority of the principal, he
may by ratification of it give it validity.—Ib. § 445.

Applying the above well established rules of law to the
facts in this case, it is manifest the appellant can not
be held liable for the goods sued for.    The proof in the
court below was clear that Renault obtained the goods in
question, and directed them to be charged to appellant;
that appellant had no connection with the particular trans-
action—did not know of it until some time afterwards, nor
did he at any time or in any manner afterwards ratify it;
that Renault was not the agent of appellant, nor was he
held out by appellant to be such ; that Renault had no
authority from appellant to buy the goods on appellant's
account, or to have them charged to him ; nor had appel-
lees any authority from appellant to charge him for them.

No ratification by the appellant of the transaction with
Renault can be implied from the failure of appellant to
notify appellees that he repudiated it.—27 Ala. 612.

A person transacting business with one as an agent for
another, is bound to know the extent of his authority.
*Schimmelpennich et al. v. Bayard et al.*, 1 Peters, 264.

The charge given by the court was abstract, there being
no evidence to authorize it.    It was not applicable to the
case before the court.    Nor did it announce a correct prin-
ciple of law.    It is believed that not a single authority

can be found which asserts as a correct proposition of law that a man. may be held liable by reason of the consequences of negligence in the management of his business, for the act of another which was wholly unauthorized by him.

The charge improperly referred to the jury matters and estimates with which their minds should not have been perplexed; and it was calculated to confuse and mislead them.—43 Ala. 719. ·

The charge asked should have been given. It was clearly not abstract. The evidence showed fully the circumstances of the transaction with Renault, and that appellant had no connection with it. It in effect asked, that under such circumstances appellant would not be liable. As applied to the evidence, it asserted a correct proposition of law.

The previous transaction of appellant through his agent, Verbeke, could not affect one way or another appellant's liability in the second transaction. Verbeke did not assume in the second transaction to act for the appellant, and in fact had no part in it.

P. HAMILTON, and S. CROOM, contra.—The court below in effect charged the jury, that if the evidence warranted the plaintiff in believing that the goods were to be charged to the defendant, by reason of the defendant's own acts, within the knowledge of the plaintiffs, the plaintiffs were entitled to recover. In other words, the court ruled, that the question was to be determined, not by the extent of power intended by Lawrence to be conferred on the agent, but by what power Randall & Co., who dealt with him, had a right to infer he possessed, from his own acts and those of his principal. And that is the correct principle, and sustains both the charge as given and the refusal to charge as asked.—Johnson v. Jones, 4 Barb. 369, 373; Perkins v. Ins. Co., 4 Cow. 645; 4 Greenl. 503.

It is obvious from even a cursory reading of the evidence as set out in the bill of exceptions, that Randall & Co. sold the goods entirely on the credit of Lawrence; they were charged to him, and sent to him with a bill, and

his clerk signed and returned a receipt bill for them.  The same thing had been gone through with on a previous occasion, and no objection made by Lawrence.  On this second occasion his clerk, Verbeke, whom Lawrence himself says he trusted "implicitly in all his business," neglects to give notice not to charge to Lawrence, though he sees Renault selecting other paper, and by receiving the paper himself and signing a receipt bill made out in his own name, Lawrence in fact ratified the charging of the goods to himself, and accepted the transaction in that light, and can not be permitted to say differently a month after (and not before), when the Frenchman has disappeared.  The Frenchman was an entire stranger to Randall & Co., introduced by Lawrence, at whose house he was staying.  Randall & Co. would never have let him have the goods on his own credit, and Lawrence must have known it.  Yet he allows Randall & Co. to believe he himself means to be responsible to them ; he makes no correction of the charge made to himself, although it is brought to his knowledge, and the goods actually received by him or his "implicitly trusted" clerk for him.  He is the negligent party by whose acts the other is deceived, and when taken in connection with these circumstances the law was correctly applied by the court in the charge given.

"Where one of two innocent persons must suffer by the misconduct of a third person, that party shall suffer who, by his own acts and conduct, has enabled such third person, by giving him credit, to practice a fraud or imposition upon the other party."—Story on Agency, § 56 ; see the whole of that section, and also §§ 95 and 96.

The charge refused was evidently abstract as applied to this case.  An agent may not be specially authorized to do a certain act, yet if he act within the scope of his authority, as evidenced by previous acts of the same kind, which are recognized, it will bind the principal.  That it was within the scope of his authority, witness the declaration of the defendant, Lawrence, himself, that "he was his clerk, and he trusted him implicitly in all his business."

PETERS, J.—This is an action on an account for $45.25, commenced before a justice of the peace in Mobile county, by Randall & Co., as plaintiffs, against Lawrence, as defendant. The action before the justice failed, and Randall & Co. appealed to the circuit court. The cause was then tried *de novo* by a jury, and a verdict and judgment was obtained by Randall & Co. for the amount of the account, interest and costs. From this judgment an appeal is taken to this court by Lawrence. In this court there are three errors assigned, but as the third is only a repetition of the first and second, it will not be noticed further. The first and second assignments are as follows :

" 1. The circuit court erred in charging the jury as set forth in the bill of exceptions.

" 2. The circuit court erred in refusing the charge asked in behalf of the defendant in that court."

The bill of exceptions purports to contain all the testimony offered on the trial in the circuit court. From this it appears, that evidence was offered by the plaintiffs tending to show that a Frenchman, named Renault, came to lodge with Lawrence, a saloon-keeper in the city of Mobile. He was poor and without means. He informed Lawrence that, if he could procure paper to make paper bags, he could thereby obtain means to pay for his lodging and make a support. Lawrence, wishing to aid him, sent his clerk with Renault to the business house of Randall & Co., with instructions to buy for him twenty or twenty-five dollars' worth of paper for his business. Renault was thus introduced to Randall & Co. He selected the paper that he needed; it was sent or carried to Lawrence's saloon, and used by Renault there, and the price was charged to the account of Lawrence. It was not paid for at the time, but it was afterwards paid for by Lawrence. Thus far Lawrence seems to have been fully advised of the whole transaction. Afterwards Renault needed more paper for his business, and he and Lawrence's clerk went again to Randall & Co.'s to procure an additional supply, but nothing was said by the clerk on this occasion about any further credit to Renault on Lawrence's account; yet the

paper was furnished him as before to the amount of $45.25, and sent by a public carrier to be delivered at Lawrence's saloon, where it was delivered to the clerk of Lawrence, who had come with Renault after it, and a carrier's receipt bill was given for it, either by the clerk or by Renault, and it was charged to Lawrence as before. Lawrence, in his testimony, stated that he knew nothing of this transaction, and that the parties had acted wholly without his authority or acquiescence in this second purchase of paper for Renault's use; but at the end of the customary credit in such cases, the plaintiffs presented him the account and demanded payment. This was some month or more after the purchase. This was the first that Lawrence knew of it. It was shown that Lawrence could neither read nor write, and that his clerk was very much trusted in the management of his business; and that Renault was not employed by him, or in his service.

Upon this evidence, the court charged the jury as follows: "1. If they believed from the evidence, that the defendant, without intending a fraud, managed his business in such a negligent way as to lead the plaintiffs to believe that the paper in question in this suit, was, by authority of the defendant, to be charged to him, though the defendant had not so intended; and if a man of ordinary prudence in the situation of the plaintiffs would, under the circumstances of the case, have been so led to believe, then the defendant would be liable on the bill." To this charge the defendant in the court below objected, and asked the court to charge the jury as follows: "2. That unless the defendant authorized by himself or his agent the purchase of the paper in question on the credit of the defendant, then the defendant is not liable for it." This was refused, and the defendant again objected to the refusal of the court to charge as asked, and made his objections a part of the record in this case of his bill of exceptions.

This cause turns wholly upon the charge of the court which was given and excepted to, and the refusal of the charge asked. A charge of the court may be correct as a general proposition of law, but if it is not applicable to the

evidence delivered in the cause, or if it goes beyond it or ignores a part of it, it is not error to refuse it. Such a charge is abstract. It separates itself from the proofs. In such a case, it is a matter of no consequence whether the evidence ignored is, in the opinion of the court, very slight, or whether it is full and complete; it can not be omitted and disregarded in the charge without error.

Both charges in this case raise the question of authority in the agent to bind Lawrence. The former deals with the modes of proof by which it may be established, and the other with the necessity of its existence, in order to bind the duty of the person dealing with the assumed agent to know the extent of his powers. These charges are not incompatible, and both may stand as admitted prinples of law.—*Schimmelpennich v. Bayard*, 1 Pet. 264; *Leroy v. Beard*, 8 How. 451; Story on Agency, § 56, and notes.

In this case the proofs show that the first purchase of paper was authorized by Lawrence, and acquiesced in by him, and that the charges for the same were paid by him. It also appears that the second purchase was conducted by the same persons, and pretty much in the same way that the first had been managed; that delivery had been made at his saloon, to his clerk, and the delivery bill of the carrier returned to the vendors as the delivery bill of the defendant. This was some evidence of authority. And so far as it went, it was admitted as such, to go to the jury without objection. That it was wholly contradicted by the defendant, himself, in his testimony, could not exclude it. It was for the jury to consider its weight in arriving at their verdict. If they mistook its weight or improperly discredited the story of the defendant, the remedy was an application for a new trial. Such a mistake can not be reached upon error. The first charge was, therefore, correct. There was some evidence tending to show that the facts on which it was based really existed. This was enough to rescue it from the vice of being abstract. For like reason, the second charge, which was refused, was not inadmissible. As an independent proposition, it is undoubted law. One who deals with an agent is bound to know the extent of his

authority.—*Powell's Adm'r v. Henry*, 27 Ala. 612; 21 Ala.
317; 9 Porter, 210; 3 Stewart, 23. Here there was no
proof of ratification, because as soon as the defendant
knew of the purchase he repudiated it. Then, the case
turned wholly upon the authority to bind him, in the first
instance. If this did not exist, he could not be made lia-
ble. This is the purport of the charge. It can not, then,
be said to be too narrow for the evidence, and it leaves the
jury to be impressed with the due weight of all the testi-
mony delivered to them. All the facts asserted by this
charge, where there is no proof of ratification, are required
to be established in order to justify a recovery. The charge
covers the whole issue, and no more; and it is pertinent to
the evidence. It is, therefore, not abstract. It should
have been given. It was error to refuse it.

The judgment of the court below is reversed, and the
cause remanded.