# Guscott v. Roden & Co.

## Action of Assumpsit.

1. *Statutory certiorari; authority of probate judge.*—A probate judge has no authority under the statute, (Code of 1886, § 795), to grant a common law writ of *certiorari*; and a writ of *certiorari* granted by him removing a cause from a justice of the peace court to the circuit court is statutory, rendering the trial of the cause *de novo*, without regard to the insufficiencies of the petition for the writ, or the rulings of the justice.

2. *Authority of partner to bind another on waiver note.*—The insertion of a clause waiving exemptions of personal property in a note, given in the partnership name by one of the partners for a partnership debt, is not binding upon the other partner, when done without the latter's knowledge or consent.

[Guscott v. Roden & Co.]

3. *Certiorari; costs.*—When on a *certiorari* from a justice of the peace court to the circuit court, the plaintiffs insist upon a waiver judgment to which they are not entitled, they will be taxed with the costs in the circuit court under section 3409 of the Code of 1886.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action of assumpsit originally brought by the appellees, B. F. Roden & Co. against E. Nisbett and S. J. Guscott, lately doing business under the firm name of Nisbett & Co.; and counted upon four past due promissory notes, alleged by plaintiffs to have been executed by the defendants, and to contain a provision that the defendants waived all their right to claim personal property as exempt, and an agreement to pay all costs, including attorney's fees, on making default in payment on the maturity of said notes.

On the trial in the justice's court, the defendant, S. J. Guscott, interposed a sworn plea, in which he denied that the clause in said note waiving his right of exemptions was executed by him, or by any one authorized to bind him.

On April 9, 1895, the justice rendered a judgment containing a waiver of exemption in favor of plaintiffs and against both the defendants, E. Nisbett and S. J. Guscott. On April 26, 1893, the appellant, S. J. Guscott, applied to the judge of probate of Jefferson county by petition, for a writ of *certiorari*, asking that the cause be removed to the circuit court of Jefferson county. In his petition, S. J. Guscott recited the rendition of judgment in which it was adjudged that the petitioner had waived his right to claim exemptions as against the debt of the plaintiff, and further averred that such judgment was unwarranted by reason of the following facts, which were set forth in said petition: Some months prior to the rendition of said judgment, the petitioner and E. Nisbett were partners doing business under the firm name of Nisbett & Co., and while so engaged in the business, E. Nisbett, without the knowledge or consent, and without the authority of the petitioner, signed the firm name of Nisbett & Co. to four promissory notes, payable to the plaintiffs, in each of which notes there was embodied a waiver of exemptions. It was these notes which were the foundation of the suit by B. F. Roden & Co. against Nisbett & Co. in the justice's court.

[Guscott v. Roden & Co.]

Upon the trial of said cause in the justice's court, the individual liability of the petitioner was not controverted, and the sole question raised by the issue taken on the petitioner's sworn plea denying his execution of the note as to the waiver of exemptions, was, whether Nisbett had authority to waive such right of the petitioner.

Upon this petition, and upon the petitioner making bond as directed by the probate judge, the writ of *certiorari* was issued, and the cause was certified to the circuit court of Jefferson county. In the circuit court, the plaintiffs filed their complaint setting out the promissory notes, and to this complaint, S. J. Guscott filed his sworn plea, denying that he either waived his right of exemption or authorized any one to waive them in the execution of said notes by E. Nisbett in the firm name of Nisbett & Co. The facts of the case were shown to be substantially as set out in the averments of Guscott's petition for the writ of *certiorari*.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiffs, and against the defendant, S. J. Guscott, and adjudged therein that there was a waiver of exemptions as to the personal property of the defendant Guscott, so far as the debt of the plaintiffs was concerned. After the rendition of this judment, the defendant, Guscott, moved the court to correct said judgment, so as to make the same a plain, instead of waive judgment, and to set aside and annul said waive judgment. This motion was overruled, and the defendant, Guscott, duly excepted. From this judgment defendant, Guscott, appeals, and assigns the same as error.

BROOKS & BROOKS, for appellant.—1. The notes sued on being signed neither by Guscott, nor by any one authorized to bind him in the premises, but signed, "Nisbett & Company," by his partner E. Nisbett, the waiver clause in said notes did not bind Guscott. *Terrell & Vincent v. Hurst, Miller & Co.*, 76 Ala. 588; *Reed Lumber Co. v. Lewis*, 94 Ala. 626.

2. The justice having improperly rendered a waive judgment against Guscott, what was his remedy? He was, by the erroneous action of said justice deprived of

[Guscott v. Roden & Co.]

a right guaranteed to him by the constitutional and statutory law of Alabama.    He could not interpose a claim of exemption against an existing waive judgment. He was liable to a plain judgment only, and to appeal and give a statutory bond would afford him no relief. He could not go into a court of equity and assail this judgment collaterally; there was no fraud, accident nor mistake.—3 Brick. Dig. 347, § 230. Courts of equity have no revisory power over judgments of courts of law.—*Baker v. Pool*, 56 Ala. 14.

3.    This was clearly a case where there existed a "clear legal right and no other adequate legal remedy." And, unless a common law writ of *certiorari* would afford a remedy, there would be presented the anomaly in law of a wrong without a remedy. And, ordinarily, in a case like the present, if the rigid rule, that on trials under the common law writ of *ceritorari*, no oral proof may be introduced, but the cause is triable on the record alone, be allowed to stand, no relief would be afforded by this writ, because the record would not show which partner signed the partnership name to the notes sued on.    But, and very properly it seems to us, this court, in *Independent Publishing Co. v. American Press Association*, 102 Ala. 487, uses language which evinces a disposition to hold that on such trials parties are *entitled* to introduce proof *dehors* the record.—3 Am. & Eng. Encyc. of Law, 61, and notes.

F. E. BLACKBURN, *contra.*—1.    Under no phase of the case can the *certiorari* taken in this case be considered or treated as a common law *certiorari*.    "The supervisory power of a superior over an inferior legal tribunal, by means of a common law writ of *certiorari*, extends only to questions touching the jurisdiction of the subordinate tribunal, and the regularity of its proceedings. The appropriate office of the writ is to correct errors of law, apparent on the face of the record.    Conclusions of fact can not be reviewed, unless specially authorized by statute.    The trial is not *de novo*, but on the record ; and the only matter to be determined is quashing, or the affirmation of the proceedings brought up for a review.— 3 Brick. Dig., 106, § 1; *Camden v. Bloch*, 65 Ala. 236 ; *McAllilley v. Horton*, 75 Ala. 491; *A. G. S. R. R. Co. v. Christian*, 82 Ala. 307.

[Guscott v. Roden & Co.]

2. Clearly from the petition for *certiorari* and the order of the probate judge granting the same, appellant Guscott was seeking to avail himself of the statutory *certiorari* as provided for in section 3399 of the Code. That section says that the bond in such a case shall be conditioned "to pay such judgment as may be rendered," &c.

BRICKELL, C. J.—The more material question of the case, in view of the argument of counsel, is, whether the *certiorari* by which the cause was introduced into the circuit court, is to be regarded as a common law *certiorari*, or a statutory *certiorari*, but a form of appeal, by which causes tried before a justice of the peace are removed into the circuit court for a trial *de novo*. The circuit court regarded it as of the latter character, and in that opinion we concur. The order for the issue of the writ proceeded from the judge of probate, while the issue of a common law writ must proceed from the superior tribunal into which it is proposed to remove the cause, or from the order of a judge thereof. The statute invests the judge of probate with authority "to grant writs of *certiorari* on any civil judgment rendered by a justice."—Code of 1886, § 795. General as are the terms of the statute, it must be referred to the statutory *certiorari*. It is an elementary rule, that statutes must be read and construed in the light of the common law, and are not to be regarded as infringing upon its rules and principles, save so far as may be expressed or fairly implied to give them full operation.—1 Kent, 464. The writ of *certiorari* as known to the common law, is not a writ of right—it is not issued as of course. Whether it shall issue, rests in the sound judicial discretion of the judge or court to whom application for the writ may be made.—Harris on *Certiorari*, § 49. A construction or interpretation of the general words of the statute, extending them to the grant of the common law writ would innovate on the rules of the common law further than is necessary to render the grant of authority effectual. It would devolve on the judge of probate the exercise of a high and delicate judicial discretion the common law carefully commits only to the court or the judge thereof having revisory or appellate jurisdiction.

In its nature, the common law writ is strictly a revisory remedy, intended for the correction of errors of law

apparent on the face of the record, and which go the jurisdiction of the inferior tribunal. It is not a substitute for an appeal, and will not reach mere error or irregularity not affecting jurisdiction.—2 Wait's Actions & Defenses, 137 ; *Dean v. State*, 63 Ala. 153 ; *Independent Publishing Co. v. American Press Association*, 102 Ala. 475. As is said in *Tallmadge v. Potter*, 12 Wis. 317 : "The object of that writ is to confine inferior tribunals within their jurisdiction—to prevent them from exercising power not delegated to them—and not to correct every error they may commit in executing the powers that are delegated.

The operation and effects of our statutes is, that on an appeal or *certiorari* from a judgment of the justice of the peace, there shall be a trial *de novo* upon the merits of the case without regard to the judgment of the justice. By the appeal or *certiorari*, that judgment is vacated, and ceases to have any force or effect, either as an estoppel or as matter of evidence.—*Harsh v. Heflin*, 76 Ala. 499 ; *Burns v. Howard*, 68 Ala. 352 ; *Abraham v. Alford*, 64 Ala. 281. When the appeal is lost by the lapse of time, as it was lost in this case, it has been said by this court that a *certiorari* should not be awarded, unless the petition averred good reason for the failure to appeal within the time prescribed by the statute.—*Wright v. Gray*, 20 Ala. 363. But if granted without such averment, the cause cannot be repudiated by the court to which the writ is returnable.—*Casey v. Briant*, 1 Stew. & Port. 51 ; *Wright v. Gray, supra ; Van Eppes v. Smith*, 21 Ala. 317 ; *Washington v. Parker*, 60 Ala. 447. The policy of the statute, as we have said, is to favor a speedy trial of such causes upon their merits, without rigid scrutiny into the mode of their introduction into the higher court.

Whatever may have been the insufficiencies of the petition for *certiorari*, and whether it disclosed any defense to the cause of action, or the character of defense disclosed, was not an inquiry for the circuit court. The duty of the court was to proceed, as it proceeded, to a trial *de novo* on the merits, without regard to the rulings or judgment of the justice.

The trial was had, without the intervention of a jury, on a single issue—the validity as against the appellant, of the clause in the promissory note on which the suit was founded, waiving the exemption of personal prop-

[Alston *et al.* v. Marshall *et al.*]

erty. The facts were undisputed—the matter of admission by the parties. The notes were given by Nisbett in the name of the partnership to close an account due from the partnership to the appellees. The insertion of the clause of waiver in the notes was without the authority of the appellant and without his knowledge or consent. Under these facts, the waiver was not binding on the appellant, and would not authorize the rendition of a judgment against him, containing a declaration of a waiver of the exemption of personal property.—*Terrell v. Hurst*, 76 Ala. 588; *Reed Lumber Co. v. Lewis*, 94 Ala. 627.

This was the form and the character of the judgment the circuit court rendered; and the error of its rendition compels a reversal, rendering a consideration of all other assignments of error unnecessary.

The litigation in the circuit court and in this court was rendered necessary by the insistence of the appellees upon the validity of the waiver clause in the notes. The case falls within the statute (Code of 1886, § 3409), and subjects the appellees to liability for the costs incurred in the circuit court.

The judgment of the circuit court must be reversed, and a judgment will be here rendered in accordance with this opinion.

Reversed and rendered.