# Gray *v.* Southern Railway Company.

*Proceedings on Petition for Certiorari.*

1. *Probate judge: jurisdiction to grant common law certiorari.*—The statute (Code of 1886, § 795; Code of 1896, § 3372) which confers on judges of probate authority "to grant writs of *certiorari* on any civil judgment rendered by a justice returnable to the next term of the circuit court," has reference entirely to statutory writs of *certiorari*, in which cases trials are had *de novo*, and does not authorize judges of probate to grant common law writs of *certiorari* directed to the justice of the peace, to bring up the record of the case before the justice for review and correction of the errors apparent on the record.

APPEAL from the Circuit Court of Fayette.
Tried before the Hon. S. H. SPROTT.

The facts of the case are sufficiently stated in the opinion.

M. B. McCOLLUM and JAMES J. RAY, for appellant. The provisions of the statute authorizing the issuance of writs of *certiorari* by probate judges have reference to statutory writs, and do not authorize the issuance of common law *certiorari*.—Code of 1886, § 795; 3 Amer. & Eng. Encyc. of Law, 60; 1 Brick. Dig. 833, § 12; 334, § 19; *Ex parte Buckley,* 53 Ala. 49.

DANIEL COLLIER, *contra,* cited *Independent Pub. Co. v. Amer. Press Asso.,* 102 Ala. 478; *Guscott v. Roden,* 112 Ala. 636.

HARALSON, J.—Section 795 of the Code of 1886 (Code of 1896, § 3372), which confers on the judges of probate authority "to grant writs of *certiorari* on any civil judgment rendered by a justice returnable to the next term of the circuit court," has reference entirely to statutory writs of *certiorari*, in which cases, without reference to any error apparent on the record, trials are had *de novo*, as in appeal cases.—Code of 1886, §§ 3158, 3405. Common law writs of *certiorari* are granted to

[Gray v. Southern Railway Company.]

bring up the record of inferior courts and are strictly revisory, intended for the correction of errors of law apparent on the face of the records, the proper judgments in which are to affirm or quash the proceedings.—*Town of Camden v. Black,* 65 Ala. 236; *Stanfill v. Court of County Revenue,* 80 Ala. 290; *Independent Pub. Co. v. Amer. Press Asso.,* 102 Ala. 475, 492; *Guscott v. Roden,* 112 Ala. 632, 636.

These common law writs of *certiorari* issue from the superior revisory tribunals into which it is proposed to remove causes from inferior courts, for review of proceedings for error apparent. A judge of probate has no jurisdiction to grant such writs, which, by the common law are committed only to the revisory or appellate courts, or to the judges thereof.—*Guscott v. Roden, supra.*

The judge of probate in this case granted the order for the issuance of the writ of *certiorari* to the justice of the peace, for him to certify to the circuit court of Fayette county, the record of proceedings in this case, in which a judgment had been rendered in favor of appellant against appellee for $20 and costs.

The defendant appeared specially in the circuit court, and moved the court to quash the writ on the ground, among others, that the judge of probate granting the writ was, at the time of granting the same, without any legal authority to grant a common law writ of *certiorari.*

It is not pretended that the writ was issued under, or according to any statute, but it is admitted by counsel for appellee, that it was a common law writ of *certiorari.* The circuit court denied and overruled the motion, and entered judgment quashing, vacating and annulling the judgment of the justice of the peace.

In this the court erred. Said motion should have been granted, and the writ quashed. No other question discussed by appellant need be considered. The judgment below is reversed, and one will be here entered quashing said writ and proceedings in the circuit court.

There are decisions in this court, which counsel for appellee refers to and relies on, which, as urged, seem to hold, that the judge of probate may grant a common law *certiorari,* since the writs were granted by such judges, and afterwards the cases were considered and not quashed for that reason; but, in all such cases, so far as we are advised, the question of the authority of

the probate judge to grant the writ was not raised or considered.

Reversed and rendered.