# Straughn v. Brake.

### Certiorari.

(Decided November 23, 1916.　Rehearing denied December 30, 1916.
73 South. 371.)

1. **Certiorari; Issuance; Authority of Judge of Probate.**—Under § 5430, Code 1907, a judge of probate has power and authority to issue statutory certiorari but not common law certiorari.

2. **Same; Trial.**—Although the petition to the judge of probate for a statutory writ of certiorari to remove a cause from the justice court, was insufficient, yet it is the duty of the court to which the cause has been removed, to proceed to a trial de novo without reference to the rulings of the justice of the peace.

3. **Same; Statutory Writ.**—Where the petition averred that after continuing the cause, the justice of the peace, without notice to petitioner rendered judgment against petitioner, depriving him of an opportunity to defend, and the prayer in the petition prayed of the judge of probate a writ to require such justice to certify in return all the papers, and a transcript of the proceedings to the next term of the circuit court, the order of the judge of probate to the circuit clerk directing him, on condition, to issue the writ of certiorari, the writ issued by the clerk in response thereto was a statutory and not a common law writ, although the petition contained averments appropriate to a petition for a common law writ.

APPEAL from Escambia Circuit Court.
Heard before Hon. A. E. GAMBLE.
　　Action by J. L. Straughn, as agent, against Alton Brake. From a judgment for defendant, plaintiff appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.
　　The action was begun in the justice court, and garnishment was issued in aid of the suit, and judgment was rendered against defendant and garnishee; whereupon defendant petitions the judge of probate of Escambia county for a writ of certiorari di-

rected to said Elliott, notary public, and ex officio justice of the peace, commanding him to certify and return all the papers and the transcript of the proceedings in the cause as above stated to the next term of the circuit court to be held for said state and county. This order was issued and the papers sent up. The allegations for the writ were that service of process was not had on defendant, and that, if it was made, it was made by plaintiff himself, and was therefore contrary to law and void. Plaintiff moved to quash the certiorari, first, because it appeared from the petition that petitioner was asking for a common-law writ, and that the judge of probate had no authority or right to issue said writ, and no bond was filed as a condition precedent.

A. L. RANKIN, for appellant. PAGE, McMILLAN & BROOKS, for appellee.

McCLELLAN, J.— (1) The single error assigned brings into question a ruling of the circuit court in denying appellant's motion to quash the writ of certiorari, issued by the judge of probate of Escambia county—on petition presented to him by the appellee—to a justice of the peace who had rendered a civil judgment against appellee (defendant there) and against the garnishee. The argument for error is that the writ sought in the petition was a common-law certiorari—not a statutory writ of certiorari, which only, of the two writs of this character, a judge of probate has power and authority to issue.—Code, § 5430; *Gray v. Southern Railway Co.,* 116 Ala. 654, 22 South. 973; *Guscott v. Roden,* 112 Ala. 632, 636, 21 South. 313.

(2) Regardless of the insufficiencies of a petition for a statutory writ of certiorari, it is the duty of the court to which the statutory writ has removed the cause to proceed to a trial de novo, without reference to the rulings or judgments of the justice of the peace.—*Guscott v. Roden,* 112 Ala. 632, 637, 21 South. 313.

(3) While there are averments in the petition charging a want of jurisdiction in the justice (though it does not affirmatively appear by any averment of fact that this allegation's truth would be or was disclosed upon the face of the record in the justice's court), to render the judgment that would have been appropriate to an appeal, to a proper authority, for the common-law writ of certiorari, there are other averments that consist

[Dominy v. Dowling-Martin Grocery Co.]

with a purpose to invite the issuance of a statutory writ of certiorari. The allegation that, after a continuance of the cause by the justice, he, without notice to the defendant (petitioner), rendered judgment against him, thus depriving him of an opportunity to defend, was of this latter category. It further appears from the prayer in the petition that the judge of probate was besought for a writ to require the justice to "certify and return all the papers and a transcript of the proceedings in said cause to the next term of the circuit court to be held for said county and state, in order that justice might (may) be done in the premises." Had the prayer intended, though wholly ineffectually, to invoke the issuance of a common-law writ of certiorari, it would not, consistently, have asked for a writ to bring up the record before another tribunal. The order of the judge of probate to the clerk of the circuit court directing him, upon conditions, to issue the writ of certiorari, and the writ the clerk did issue in consequence of this direction, leaves us in no fair doubt that the circuit court was correct in its conclusion that the writ sought and issued was a statutory writ of certiorari.

There is therefore no merit in the only error assigned.
Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.