## DURHAM v. ATKINS.  (5 Div. 943.)

(Supreme Court of Alabama. April 15, 1926.)

1. **Justices of the peace** ⊂⊃206(1)—**Where cause is transferred to circuit court from justice court on certiorari, circuit court will not dismiss on account of defects in petition for writ (Code 1923, § 9591).**

Where cause in justice court is removed to circuit court on writ of certiorari granted by judge of probate, under Code 1923, § 9591, circuit court will not thereafter entertain motion to dismiss on account of defects in petition for writ.

2. **Certiorari** ⊂⊃70(2)—**Defect of bond executed on issuance of writ of certiorari to justice court cannot be raised for first time on appeal from circuit court (Code 1923, § 8783).**

Defect of bond executed on issuance of certiorari removing justice court case to circuit court, in failing to show date of judgment, cannot be raised for first time upon appeal from circuit court, especially in view of Code 1923, § 8783.

3. **Justices of the peace** ⊂⊃208(2).

Cause removed to circuit court by certiorari granted by probate judge under Code 1923, § 9591, after judgment rendered by a justice of peace, is triable de novo, in view of section 8784.

Appeal from Circuit Court, Randolph County; N. D. Denson, Judge.

Action by J. M. Durham against T. D. Atkins. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Hooton & Moon, of Roanoke, for appellant.

The court committed reversible error in overruling motion to strike certiorari. 11 C. J. 183, 186, 189, 207, 217.

G. B. Walker, of Roanoke, for appellee.

There was no error in overruling motion to strike certiorari. Phillips v. Holmes, 51 So. 625, 165 Ala. 250; Giddens v. Rutledge, 40 So. 759, 146 Ala. 233; Ex parte Bogatsky, 32 So. 727, 134 Ala. 385.

GARDNER, J. Appellant recovered a judgment in a tort action against appellee in the justice of the peace court of beat 10, Randolph county, and within 6 months thereafter the defendant in said suit petitioned the judge of probate of said county for the statutory writ of certiorari for removal of the cause to the circuit court for trial, and on the same date the probate judge ordered the issuance of the writ. The case being called for trial in the circuit court, plaintiff moved to strike the certiorari, which motion was denied, and this action of the court is here assigned as error.

---

It is insisted the petition is indefinite in failing to show the date of the judgment in the justice's court, and also upon the ground that sufficient reason for failure to appeal is not made to appear.

[1] The judge of probate had authority to grant the writ (section 9591, Code of 1923), and the insistence of counsel for appellant is answered by the following language from the case of Wright v. Hurt, 9 So. 386, 92 Ala. 593:

"The writ operates to remove the case into that court for a trial de novo. It has long been settled in this state that, if the judge to whom a petition is presented deems the statement of facts therein sufficient to show an excuse for failing to take an appeal, and accordingly orders the issuance of the writ, the case is thereupon to be treated as effectually removed to the circuit court for a new trial; and that court will not afterwards entertain a motion to dismiss on account of defects in the petition, even though the petition does not in fact show a good reason for the failure to appeal."

See, also, Steading v. Wheeler, 78 So. 962, 201 Ala. 566.

[2] It is also argued that the bond executed by defendant upon the issuance of the writ was defective in failing to show the date of the judgment. No question as to the sufficiency of the bond was presented to the circuit court, and clearly cannot now be raised for the first time on this appeal. Section 8783, Code of 1923.

[3] The motion to strike was properly overruled. The cause therefore stood for trial de novo (section 8784, Code of 1923; Phillips v. Holmes, 51 So. 625, 165 Ala. 250; Hines v. Tribble, 57 So. 265, 4 Ala. App. 237), and the circuit court correctly proceeded with the trial of the cause upon its merits.

We find no error in the record. Let the judgment be affirmed.

Affirmed.

SAYRE, MILLER, and BOULDIN, JJ., concur.