163 So. 464

## BELL v. ISBELL.
### 7 Div: 149.

Court of Appeals of Alabama.
Oct. 8, 1935.

McCord & McCord, of Gadsden, for appellant.

Jas. D. Giles and O. R. Hood, both of Gadsden, for appellee.

SAMFORD, Judge.

This case was begun by summons and complaint in the justice court of R. E. Wright, justice of peace in Etowah county. The summons was not signed by the justice, but on the day appointed the defendant appeared and pleaded to the complaint and, after trial, judgment was entered against him. This was a waiver on the part of defendant of all informalities in the complaint. The justice court had jurisdiction of the subject-matter of the suit and the voluntary appearance of the defendant gave jurisdiction of the person.

On June 27, 1934, judgment was rendered in the justice court and, after the lapse of more than five days, the defendant applied to and obtained from the probate judge of Etowah county, on July 14, 1934, a statutory writ of certiorari and supersedeas transferring the case to the circuit court. This writ the probate judge had the power to grant under and by virtue of Code 1923, § 9591, subd. 3; Gray v. So. Ry. Co., 116 Ala. 654, 22 So. 973.

When, in a case of this character, the probate judge issues the statutory writ as prayed and the supersedeas bond is given as required, the case is effectually transferred to the circuit court to be tried de novo. Durham v. Atkins, 214 Ala. 424, 108 So. 260; Wright v. Hurt, 92 Ala. 591, 593, 9 So. 386.

In Bramlett v. Griffin, 222 Ala. 495, 133 So. 266, the Supreme Court, speaking through Bouldin, J., says: "The fiat of

the judge of probate, and the execution of bond as per statute, vest the circuit court with jurisdiction as on appeal."

The same authority would seem to preclude the trial of any issue in the circuit court as to irregularity of the petition presented to the judge of probate upon which he acted in granting the writ. As a matter of fact, the order issued by the probate judge is not in its strictest sense a writ of certiorari, although so designated by statute, but is an extension of the time of appeal from judgments of justices of the peace supervised by judges of probate, and when such order has been issued and the required bond is given, the case is effectually transferred to the circuit court, to be there tried as if the appeal provided for had been perfected within the five days allowed by statute.

■ Moreover, the plaintiff moved in the circuit court for leave to amend the complaint by adding count 4, which was done. This was a waiver of any irregularity in process of removal of the case from the justice to the circuit court.

The court erred in granting plaintiff's motion to quash and dismiss the certiorari and the granting of a writ of procedendo to the justice court.

■ The writ having been ordered by the judge of probate, the clerk of the circuit court properly issued the order from that court to the justice of the peace to send up the record. Straughn v. Brake, 197 Ala. 683, 73 So. 371.

The judgment is reversed and the cause is remanded.

Reversed and remanded.