## WILSON v. COLLINS, use, &c.

1. Upon an appeal, or *certiorari*, from a justice's court, there can be no change of the parties; they must be the same as in the inferior court.
2. A confession of judgment before a justice of the peace, is a release of errors, after which it cannot be carried to an appellate court, either by appeal or *certiorari*. If the confession was by mistake, or procured by fraud, it seems a Court of Chancery would afford relief.

Error to the County Court of Sumter.

METCALFE, for the plaintiff in error.
INGE, contra.

ORMOND, J.—This was a judgment confessed by the plaintiff in error, before a justice of the peace, for $50, in favor of the defendant in error, which was rendered against him individually, and as administrator of Joseph Wilson. The judgment of the justice was removed by *certiorari*, into the County Court, on the petition of the plaintiff in error, alledging that he confessed the judgment under the belief, that a garnishment which had been taken out against him, and served on him, from the Circuit Court of Marengo, had been discharged, by a satisfaction of the judgment, but that it is still pending and undetermined. The County Court permitted a declaration to be filed against him individually, upon which judgment was rendered against him. This is now assigned as error.

It is very certain that there cannot be a change of the parties, upon an appeal from the judgment of a justice of the peace. It is to be tried *de novo*, according to the equity and justice of the case, but the integrity of the cause must be maintained. But although this action of the court was erroneous, we are of the opinion it cannot be taken advantage of here. A judgment by confession is a release of all errors, [Clay's Dig. 321, § 51,] and we know of no reason, why this should not apply as well to the judgments of justices of the peace, as to those of courts of record. Being a release of errors, the County Court could not take jurisdiction of the case, either by appeal or *certiorari*, and should have repudiated it. The action of the court, though erroneous, has not prejudiced the plaintiff in error. His condition is no worse now, than it would have been if the court had dismissed the supersedeas.

If the judgment was confessed by mistake, or the confession was procured by fraud, it might be a sufficient reason for the Court of Chancery to interpose by injunction; or if two persons are asserting a right to the same debt, to justify him in filing a bill to compel them to interplead. The existence of these facts, however, will not authorize a court of law to interpose; they are matters exclusively of equitable cognizance.

It is our opinion therefore, that there is no error in the record, of which the plaintiff in error can complain, and the judgment of the court must be affirmed.