## ROACH, Administrator, *vs.* GUNTER et al.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Orders of probate court for sale of land, at a special term, not void.*—The probate court made an order reciting the filing of an application for the sale of land, and appointing the first Monday, (being 7th day) of November, for the hearing of the application, and on the latter day, (which is denominated on the record a special term,) the application was heard and the sale ordered,—*held*, that the order of sale was not void, and that there is no prohibition in the law to the hearing of the application, and the grant of the order at a special term.

2. *Order for special term, grantable as matter of course.*—The order of the probate court for a special term, is one of those necessary orders, grantable as a matter of course.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. H. D. CLAYTON.

THIS action was brought by the appellant against the appellees, was commenced on the 31st March, 1866, and was founded upon certain promissory notes made by the defendants, payable to the plaintiff as administrator. The defendant pleaded several pleas, the first as follows: "The defendant, for answer to the complaint saith, that the consideration of the note sued upon, or upon which this action is founded, was the purchase of a tract of land, sold by the plaintiff as administrator of William Wright, deceased. That said sale is void upon the face of the proceedings, under which it was sold, and said note is without consideration." Upon issue joined, there was a verdict and judgment for the defendants. As the bill of exceptions states, there was introduced in evidence a transcript from the records of the probate court of Henry county, of the application for the sale of the land, for the purchase-money of which the notes in controversy were given, and the order of the court for said sale. It appears, that on the 5th of October, 1864, the appellant, as the administrator of William Wright, deceased, filed his application as provided by

law, for the sale of said land for a division, and that an order was duly made on the 6th October, 1864, appointing the first Monday in November next, as a day to hear and determine said application, and requiring notice to be given as required by law. All the preliminary proceedings, as required by the statute, as it appears from the record, were strictly complied with. The following is the order for the sale of the land:

State of Alabama, } Court of Probate, special
Henry county. } term, November 7th, 1864.

Upon this day, it being the day set to hear and determine the application of D. W. Roach, administrator of the estate of Wm. Wright, deceased, for the sale of the lands of said deceased, came the said D. W. Roach, and moved the court to grant his said application, and it appearing to the court, that citation herein has been served upon George P. Kincey, guardian *ad litem*, for the minor heirs of said deceased, at least ten days before this day, and that notice has been given, by posting notices at the court-house door, and three other public places in said county, for three successive weeks before this day; and the allegation of said application being sufficiently proven by the testimony of disinterested persons, taken upon interrogatories, which are filed of record, and no sufficient objection having been made; it is ordered that the said administrator may sell said lands, after giving notice of the time and place of sale, by posting notices at the court-house door and three other public places in said county, for thirty days, at Abbeville in said county, upon a credit of twelve months, and that he make due return thereof." The administrator made a report of the sale to the court, which was duly confirmed. There were many questions raised upon the record, but as they are not noticed in the opinion of the court, it is thought not necessary to set them out here. The court charged the jury, in substance, that the order of sale made by the probate court, under which the land, which is the consideration of the notes, was sold by the plaintiff, was void; and that if they believed the evidence, they must return a verdict for the defendant, to which charge the plaintiff excepted. The plaintiff requested the court to charge the jury, that the

Roach, Adm'r, v. Gunter et al.

order of sale, and the sale made thereunder, were valid and
legal, and if the jury believed the evidence, they must find
for him the amount of the notes, with interest thereon,
which the court declined to do, and the plaintiff excepted.
He appealed to this court, and among other things, assigned
as error, the charge given, and the refusal of the court to
give the charge asked.

W. C. OATES, for appellant.

A. J. WALKER, C. J.—On the 6th October, 1864, the
probate court made an order reciting the filing of an ap-
plication for the sale of land, and appointing the first
Monday, (being the 7th day) of November, for the hearing
of the application. On the latter day, at what is denomi-
nated in the entry on the record, a special term, the appli-
cation was heard and the sale ordered. The order was not
granted at a regular term, for the law designates the second
Monday in the month as the time for holding regular terms,
but the order was not therefore void. It was made at a
special term, appointed for the purpose, and in our opinion
there is no prohibition in the law to the hearing of the ap-
plication and the granting of the order at a special term.
The judges of probate are authorized to hold *special* or
adjourned terms, "for any special purpose." We under-
stand this "special purpose" to be for the transaction of
some particular or specified business as contradistinguished
from the business of the court generally. Unquestionably
the probate judge has the power in vacation to appoint
special terms. There is in the law no restriction of his
authority to the appointment of special terms to the time
when he is holding a regular term. On the contrary, he is
expressly authorized to make in vacation, "necessary orders,
which are grantable as a matter of course." The order for
a special term may be appropriately classed as grantable
as a matter of course.—*Arrington v. Roach*, decided at the
present term ; Revised Code, § 795, (673.)

We think the order of sale was not void, on the ground
that it was granted at a special term, and we find no other
ground upon which its validity can be impeached. We

deem it unnecessary to consider the other arguments upon which the charge of the court below is assailed, but we do not mean to express a disapproval by our silence.

Reversed and remanded.