[No. 5345.]

# PETER CATANICH v. THOMAS HAYES and JAMES HAYES.

JUDGMENT-ROLL. — The notice of the overruling of a demurrer, required by sec. 476 of the Code of Civil Procedure, is not a part of the judgment-roll.

BILL OF EXCEPTIONS—ORDER OVERRULING DEMURRER.—In order to have the benefit of sec. 476 of the Code of Civil Procedure, requiring notice to be given of the overruling of a demurrer, it must be incorporated into a bill of exceptions.

JUDGMENT BY DEFAULT.—If, in a case where a demurrer to the complaint had been filed, the judgment by default recites that the time for answering had expired, and the record is silent as to the time allowed to answer as well as to giving of notice of the overruling of a demurrer, it will be presumed, in support of the judgment, that the Court satisfied itself that the time for answering had expired.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Action commenced December 15th, 1875, to recover judgment on a promissory note. The case comes up on the judgment-roll. This shows a service of summons in Alameda County, where the suit was commenced, on the 17th day of December, 1875, a demurrer served and filed on the 27th of the same month, and a default entered on the 17th day of July, 1876. The default recites that the demurrer had been overruled, and the defendant had failed to appear and answer. The judgment was entered on the last named day, and it recites that the demurrer was overruled on the 19th day of July, 1876, that the time allowed by the Court had expired, the defendants had failed to answer it, etc. No notice of the overruling of the demurrer is in the record. Sec. 476 of the Code of Civil Procedure provides, that when a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, that the time so given runs from service of notice of the decision or order. The defendants appealed from the judgment.

*Michael Mullany*, for the Appellant.

The judgment-roll here, and the judgment itself, show a demurrer was interposed to the complaint, and overruled, and

time given to answer, but fails to show that notice of overruling the demurrer was given to defendants. Proof, or admission of service of this notice, is as much a jurisdictional fact for proceedings in default as proof or admission of service of summons. (Code of Civil Procedure, N. S. secs. 476, 670.)

*N. Hamilton*, for the Respondent.

The point made by appellants, that notice of overruling the demurrer was not served on the adverse party, does not appear on the face of the judgment-roll, and the notice is no part of the judgment-roll, so that, if true, it could not be considered on an appeal from the judgment only.

By the Court:

The notice of the overruling of the demurrer to the complaint, if one was given, would not of itself form part of the judgment-roll; and if a party desires to have it appear from the judgment-roll that such notice was or was not given, he may incorporate the fact in a bill of exceptions, and the bill will be included in the judgment-roll. The judgment before us recites that the time allowed by the Court for answering had expired; and the record being silent as to the time allowed therefor, as well as to the giving of notice of the overruling of the demurrer, it will be presumed, in support of the judgment, that the Court, before ordering entry of the judgment, had satisfactory evidence that the time for answering had expired.

Judgment affirmed. Remittitur forthwith.