# Murphree *v.* Whitley.

*Statutory Detinue, commenced in Justice's Court.*

1. *Judgment by confession.*—The statute which declares that a judgment by confession is a release of errors (Code, § 3945), applies to judgments rendered by a justice of the peace, and precludes an appeal: if such judgment was procured by fraud, or rendered by mistake, relief against it can only be obtained in a court of equity.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LEROY F. Box.

This action was brought by O. P. Whitley, against Jesse A. H. Murphree, to recover a one-horse wagon; and was commenced before a justice of the peace, on the 11th June, 1880. The judgment rendered by the justice, as entered on his docket, was in these words: "This day came the parties, in their own proper persons, and the defendant confessed judgment in favor of the plaintiff, for the property sued for in the action." The defendant having taken an appeal from this judgment, to the Circuit Court, the plaintiff there moved to dismiss the appeal, "because the judgment was by confession, and no appeal will lie from such judgment." The defendant filed a plea, verified by affidavit, alleging that he did not in fact confess judgment before the justice, that the judgment was so entered by mistake on the part of the justice, and by the fraudulent procurement of the plaintiff. This plea was, on motion of the plaintiff, struck from the files, the appeal dismissed, and a *procedendo* awarded to the justice. The defendant excepted to this judgment and these rulings, and he now assigns them as error.

J. W. INZER, for appellant.

HAMILL & DICKINSON, *contra.*

BRICKELL, C. J.—In *Wilson v. Collins* (9 Ala. 127), it was held that the statute, declaring a judgment by confession a release of errors (Clay's Digest, 321, § 51), applied to the judgments of justices of the peace, as well as to the judgments of courts of record. The statute, with this known construction, has been re-enacted in the subsequent revisions and codifications of the statutes, and now forms section 3945 of the Code of 1876. It was further held, in that case, that if the judgment was confessed by fraud or mistake, relief from it could only be obtained in equity. This decision is conclusive of the questions presented by the record, and the judgment must be affirmed.