# Burke *v.* The State.

*Indictment for Enticing away Laborer.*

1. *Confession of judgment, as release of errors.*—In a criminal case, the confession of a judgment with sureties for the fine and costs, as authorized by statute (Code, §§ 4454–55), is not a release of errors, and does not prejudice the right to revise the judgment by appeal or writ of error; though a different rule is declared by statute (*Ib.* § 3945) in civil cases.

2. *Conviction of attempt to commit offense charged.*—When the evidence fails to show consummation of the offense charged, the defendant may nevertheless be convicted of an attempt to commit it (Code, § 4904); consequently, in such case, the court may refuse to instruct the jury that, if they believe the evidence, they must acquit the defendant.

FROM the Circuit Court of Barbour.
Tried before the Hon. H. D. CLAYTON.

[Burke v. The State.]

The indictment in this case charged, in a single count, "that Monroe Burke did knowingly interfere with, hire, employ, entice away, or induce Lou Smith, a laborer or servant of Simeon H. Reese, who had contracted in writing to serve said Reese a given time, not exceeding one year, to leave the service of said Reese before the expiration of the time so contracted for, without the consent of said Reese," &c.  On the trial, as the bill of exceptions shows, issue being joined on the plea of not guilty, " the State proved that, at a late hour in the night, the defendant, who resided five miles distant, went with a wagon and team to the house occupied by Lou Smith, a servant who had contracted in writing with one S. H. Reese, and was then in his employment, under said contract, as a farm laborer on the plantation of said Reese in said county,"—here setting out the contract, which was dated January 11th, 1882; " that defendant took said Lou Smith, with her household effects, into said wagon, and drove a short distance, but not off the premises of said Reese, by whom he was intercepted, and forced to return and unload said wagon, at and into the house from which he had so taken said Lou Smith; and that defendant had been previously notified that said Lou Smith was serving said Reese under said writen contract.  This being all the evidence, the defendant requested the court, in writing, to charge the jury, that, if they believed the evidence, they will find the defendant not guilty."  The court refused this charge, and the defendant excepted to its refusal.

The verdict and judgment are in these words : " Thereupon, came a jury," &c., " who, upon their oaths, say, that they find the defendant guilty of an attempt to entice away a servant under written contract with his employer, and assess a fine of *one cent*.  Thereupon, came the defendant into open court, and with him James A. Burke, who each, jointly and severally, confess a judgment to the State of Alabama, for the use of Barbour county, in the sum of one cent, the amount of said fine, and also the costs, and consent that execution may issue. It is therefore considered," &c.

H. C. TOMPKINS, Attorney-General, for the State, cited Code, §§ 3945, 4904 ;  *Wolf v. The State*, 41 Ala. 412 ; Bishop on Stat. Crimes, § 138.

SOMERVILLE, J.—The statute which provides that a "confession of judgment is in law a release of errors" (Code, 1876, § 3945), has never been construed to have any application to cases strictly criminal.  The context of the Code, as well as the reason upon which this particular statute is based, shows a legislative intention to confine it to cases other than such as are

criminal.—*McNeil v. The State*, 71 Ala. 71; *Murphree v. Whitley*, 70 Ala. 554. It seems to be clearly contemplated by the statute, relating to the subject of penal imprisonment, and sentences to hard labor in default of payment or security by defendants, that a judgment may be confessed for fine and costs, with sufficient sureties, without any prejudice to the right of appeal, or writ of error to the appellate court.—Code, 1876, §§ 4454–4455; *Burke v. The State*, 71 Ala. 377.

The action of the court was free from error, in refusing to give the general charge requested by the defendant, that, if the jury believed the evidence, they should find the defendant not guilty. This charge clearly ignored, as well as contravened the principle, that, under an indictment for the offense charged, the defendant could lawfully be convicted of an *attempt* to commit the same offense. The statute so expressly provides, and such is the established course of our criminal procedure. Code, 1876, § 4904; *Wolf's case*, 41 Ala. 412; *Edmonds v. The State*, 70 Ala. 8.

There is no error in the record, and the judgment is affirmed.