# Martin, et al. v. Crook, Judge.

*Certiorari of Stock Law Petition.*

(Decided April 16, 1908. 46 South. 482.)

1. *Stock Law: Election; Petition For— Sufficiency.*—A petition signed by eleven persons and addressed to the judge of probate, and reciting that the signers were bona fide resident citizens of that part of a certain precinct in a certain county not included in a stock law district, and that petitioners desired an election held in all that part of such precinct not included in the stock law district, to ascertain whether or not a majority of the voters of such precinct were for or

[Martin, et al. v. Crook, Judge.]

against the running at large of stock therein, and which petition prayed for the necessary orders for the holding of such an election, declaring the result, etc., it was sufficient to confer jurisdiction on the commissioner's court to order an election.

2. *Same; Inspectors; Appointment.*—Where the judge of probate appointed inspectors of elections, who held the election and certified the result, such inspectors were de facto officers, and the election held by them was not void, although the judge was without authority to appoint them.

3. *Certiorari; Election; Review; Record.*—On certiorari to review the proceedings leading up to a stock law election, and the election, where it is not shown on the face of the record that the election was not held in that part of the precinct for which it was ordered, it will be presumed that it was so held, the court having no authority to look without the proceedings before the judges of probate to the statement of a petition subsequently filed seeking to have the election declared void, for the purpose of showing the election was not held in that portion of the precinct for which it was ordered.

APPEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Certiorari by R. H. Martin and others against E. F. Crook to review proceedings of the probate judge of Calhoun county in the holding of a stock-law election. From a judgment dismissing the writ, petitioner and others appeal. Affirmed.

The petition addressed to the judge of probate or commissioners' court was in the following language: "(1) That each of your petitioners is a bona fide resident of precinct No. 4, in Calhoun county, Ala., and of that part of said precinct not included in a stocklaw district in said precinct. (2) That your petitioners desire an election to be held in all that part of said precinct No. 4 not included in a stock law district, to ascertain whether or not a majority of the residents of such part of said precinct are for or against prohibiting the running at large of stock therein." Then follows a prayer for the necessary orders, etc., looking to the holding of the election and declaring the result, etc. It was signed by 11 persons. The other facts sufficiently appear in the opinion.

[Martin, et al. v. Crook, Judge.]

BLACKWELL & AGEE, for appellant. There is no provision for contesting a stock law election.—42 South. 611. So certiorari is the proper remedy.—*Miller v. Jones,* 80 Ala. 90. No presumptions are indulged in favor of the validity of the proceedings which the record does not affirmatively show.—*Talley v. Grider,* 66 Ala. 119; *Flowers v. Grant,* 129 Ala. 275; *Miller v. Jones, supra.* The petition is fatally defective and no jurisdiction was acquired.—*Talley v. Grider, supra; Wynn v. Freel,* 19 Ala. 171; *Fields v. Walker,* 23 Ala. 155; *Jeffries v. Harbin,* 20 Ala. 387. The petition and proceedings are otherwise defective.—15 Cyc. 341-344; 10 A. & E. Ency. of Law, 684; *Toole v. The State,* 88 Ala. 158.

KNOX, ACKER & BLACKMON, for appellee. An officer is presumed to have done his duty and that his proceedings are regular.—*Brandon v. Snow,* 2 Stew. 256; *Guesnard v. L. & N.,* 76 Ala. 453; *Pall v. Malone,* 87 Ala. 534; 20 Cent. Dig. Col. 184. Indulging this presumption the acts are valid, and the order should not be disturbed.—15 Cyc. 311 para. b.; Acts 1902, p. 453; *Ex parte White,* 28 S. W. 542; *Farrington v. Turner,* 53 Mich. 72; *Quipley v. McCume,* 12 Cal. 352.

DOWDELL, J.—This is a proceeding by common-law certiorari to review the proceedings had before the probate judge of Calhoun county in the matter of a petition for holding a stock-law election under the local law enacted for said county February 13, 1897.—Acts 1896-97, p. 887. The petition for certiorari was addressed to Hon. John Pelham, judge of the Seventh judicial circuit. A hearing was had upon a return made to the writ, and on this hearing the court denied the petition and dismissed the same, and from this judgment the present appeal is prosecuted.

The first insistence in argument by counsel for appellant is that the probate judge never acquired jurisdiction, and therefore all orders made by him and proceedings had thereon in the holding of the election for the stock law were null and void. This is predicated upon the theory that the petition filed with the probate judge for holding an election is insufficient in its averments. The petition substantially embraces all that is required to be stated in section 1 of the act in question, and under which it is filed, necessary to confer jurisdiction on the probate judge. It may be that it is not as definite in its statements as good pleading in actions at law would require, and for that reason might be subject to demurrer; but we think in proceedings of this nature the want of such accuracy should not affect the question of jurisdiction, when the petition substantially contains the essential jurisdictional facts. The case is different from that of *Tally v. Grider*, 66 Ala. 119. In that case the petition wholly omitted the averment of facts which the law specifically required to be stated in the petition.

It is next insisted that the probate judge had no authority to appoint the managers of the election, and for that reason all of the proceedings before him and the holding of the election should be adjudged void and of no effect. Section 2 of the act in question provides: "That said election shall be held on the day specified in the order and notice provided for in the preceding section; that managers for said election shall be appointed as in general elections for county officers, and said election shall be held in the same manner and under the same regulations as general elections," etc. The act is silent as to who shall appoint the managers, but merely says: "Managers shall be appointed as in general elections for county offices." At the date of the passage of this act the general election law (section 352 of the Code

of 1886, brought forward into the Code of 1896 as section 1588) provided for the appointment of three inspectors by the probate judge, sheriff. and clerk of the circuit court, or any two of them, for holding an election. We do not decide whether it was the purpose of the act in question that the managers should be appointed by the three officers designated in the general election law, since it is not necessary to a conclusion in this case; but, if the act be construed to intend as much, it does not follow that the appointment of the managers by the probate judge alone rendered the election void. It is not pretended that there was any fraud or unfairness, or that the popular will was not fairly and freely expressed in said election. The managers so appointed were at least de facto officers of election, acting under color of authority. In 15 Cyc. p. 311, it is said: "There is nothing better settled than that the acts of election officers de facto, who are in under color of election or appointment, are as valid as to third parties and the public as those officers de jure." It is not the policy of the law to defeat popular election upon what might be considered an irregularity. This policy is manifested in our statute (section 355, Code of 1886, brought forward into the Code of 1896 as section 1591), which provides that upon the failure of those who are appointed to hold the election to attend and act any three qualified electors may hold the election.

It is next insisted that the proceedings and the election held thereunder should be declared void, because it is not shown that the election was held in that part of the precinct for which the election was ordered. It is not shown on the face of the proceedings for holding the election that it was not held in that part of the precinct for which it was ordered. The order of the probate judge was that the election be held at the usual voting place in

[Martin, et al. v. Crook, Judge.]

the precinct. The probate judge having acquired jurisdiction upon the filing of the petition, the act imposed certain duties upon him, among which was to fix the time and place of holding the election, and it will be presumed, in fixing the time and place, in the absence of proof to the contrary, that as a public officer he rightly discharged his duty. We cannot look without the proceedings had before the judge in the ordering and holding of the election, to the statements in a petition subsequent to the election filed with the probate judge, asking that the election be declared null and void on certain grounds, for the purpose of showing that the election was not held in that portion of the precinct for which it was ordered. This is matter that does not appear on the face of the proceedings we are called upon to review. For aught that we can tell from the face of the proceedings under review, the election was held in that portion of the precinct for which it was ordered. We are not to be understood as intimating that if it had been shown that the election was held in the precinct, but without the territory of the proposed stock law, that that would have invalidated the election. This question, under the view we have taken, need not be decided.

We find no error in the record, and the judgment appealed from will be affirmed.

TYSON, C. J., and SIMPSON and MCCLELLAN, JJ., concur.