# Max J. Winkler Brokerage Co. v. Courson.

## Assumpsit.

(Decided April 8, 1909. Rehearing denied May 11, 1909.
49 South. 341.)

1. *Certiorari; Purpose; Common Law.*—At common law the writ of certiorari issued from a superior to an inferior court to bring up the record for a determination from its inspection whether the judgment of the inferior court was erroneous or without authority.

2. *Same; Judgment; Nature.*—In response to a common law writ of certiorari the judgment was either to quash the proceedings reviewed or to sustain them.

3. *Same; Existence of Remedy by Appeal.*—The statutory certiorari as provided by chapter 73, Code 1896, does not authorize certiorari to take the place of an appeal.

4. *Same; Justices of the Peace.*—Under section 488, Code 1896, statutory certiorari will lie to bring a case from the justice court where an appeal will lie.

5. *Same; Grounds; Judicial Proceedings.*—Statutory certiorari will not lie to vacate a judgment on the ground that the attorney had no authority to confess it, especially where the record of the trial court shows that an attorney in fact had authority to confess judgment for defendant; the judgment is valid between the parties and could not be set aside by any ex parte proceedings without judicial investigation on account of matters outside the record.

6. *Judgments; Confesion; Appealable.*—An appeal will not lie from a judgment by confession because section 477, Code 1896, makes a judgment of confession a release of errors in law.

7. *Same; Vacating; Remedy.*—The trial court is authorized to set aside a judgment at a subsequent term if the same is void on the

[Max J. Winkler Brokerage Co. v. Courson.]

face of the record; and the remedy for relief against the judgment confessed without authority is either by application direct to the court rendering the judgment or by bill in equity.

APPEAL rom Jefferson Circuit Court.

Heard before Hon. JOHN H. MILLER, Special Judge.

Assumpsit by Max J. Winkler Brokerage Company against George Courson. Judgment was confessed in the justice court, and a writ of ceriorari was issued from the circuit court to bring up the judgment for review. On a trial de novo in the circuit court the defendant had judgment and plaintiff appeals. Reversed and judgment granted quashing the writ.

M. M. ULLMAN, for appellant.—The court erred in overruling plaintiff's motion to quash the writ. The confession was a release of errors.—Sec. 477, Code 1896. Application should have been made to the court rendering the judgment.—Jones v. Keys, 16 Wis. 585: 17 A. & E. Ency of Law, 827. This may have been done at a subsequent term.—Bruce v. Strickland, 47 Ala. 192; Bake v. Barclift, 76 Ala. 414; Jennings v. Pierce, 101 Ala. 538. The application to open and vacate a judgment must be upon notice to the adverse party.—Jennings v. Pierce, supra. It is manifest that the judgment is valid and cannot be appealed from.—Wilson v. Collins, 9 Ala. 127. The remedy was by bill in chancery, or by motion addressed to the court rendering a verdict.—Authorities supra.—Noble v. Moses, 74 Ala. 613. The cases cite by appellee all deal with defective writs.

FRED S. FERGUSON, for appellee.—The court did not err in refusing to quash the writ.—Baker v. Drake, 148 Ala. 513; Comm. Ct. v. Johnson, 145 Ala. 553; Mayfield v. Comm. Ct., 148 Ala. 548; Ex parte Bogacki Bros., 134 Ala. 384; Smith v. Atlanta Guano Co., 132 Ala. 586. De-

fects in the petition for the writ of certiorari or other proceedings to remove cases are not available on motion to dismiss in the circuit court, for there the case stands for trial de novo.—*Wright v. Gray*, 20 Ala. 363; *Hatter v. Eastling*, 22 Ala. 689; *Washington v. Parker*, 60 Ala. 448; *Grantham v. Payne*, 77 Ala. 584; *Wright v. Hurt*, 92 Ala. 591.

SIMPSON, J.—In this case a suit was commenced by the appellant, in the "inferior court of Birmingham," against the appellee, W. T. Ward, as attorney at law, appeared for the defendant, accepted service, and confessed judgment, and the judgment entry in that court recites that the defendant appeared "by his attorney in fact, W. T. Ward, who, under and by virtue of the authority offered in this case, confesses judgment," etc., "and it is therefore considered and adjudged by the court that the said W. T. Ward, as such attorney in fact for the defendant, has full and legal authority to confess judgment." Afterwards the defendant filed his petition in the circuit court, asking for a writ of certiorari, stating that said W. T. Ward had no authority to appear for him, that he had no notice of the pendency of the suit until some time after the judgment was rendered, and praying for the writ, requiring the judge of the inferior court to certify the proceedings "to the end that the same may be duly revised." On this petition the writ was granted. A motion was made to quash the writ, which was overruled by the court, and the action of the court was excepted to. The plaintiff then filed his complaint. Pleas were filed to the same, to some of which demurrers were sustained. Plaintiff declined to take issue on the pleas, and a judgment was rendered for the defendant. It is from this judgment that the appeal is taken.

[Max J. Winkler Brokerage Co. v. Courson.]

At common law the writ of certiorrari was issued by the superior court, to the inferior court, to bring up the record and determine, from an inspection thereof, whether the judgment of the inferior court was erroneous or without authority. The only judgment was to quash the proceedings, or sustain the same.—6 Cyc. 737 et seq., and authorities infra. Chapter 73 of the Code of 1896 provides how certiorari and other remedial writs of a supervisory nature shall be applied for and granted, and for the practice therein, but does not provide for granting any other relief than that recognized by the common law, nor does it authorize the writ in any additional case. On the contrary, section 2833 provides particularly that the common law remains the same, and that "the true intent and meaning of this chapter being (is) to provide a plain, more speedy, and less expensive mode of procedure in all cases to which it applies," That chapter, then, does not furnish any authority for a certiorari, to operate as an appeal, bringing up the case for a trial de novo. In treating of the subject of appeals from justices of the peace, the Code of 1896 provides that cases brought up to the circuit court, by appeal or certiorari, shall be tried de novo (Section 488). As stated by this court in previous case, such proceedings by certiorari, bringing up for review cases from courts of justices of the peace, constitute "nothing more nor less than appeal by direction."—*Anniston Loan & Trust Co. v. Stickney,* 132 Ala. 587, 31 South. 465. It necessarily follows that, even as to cases in the justice of the peace court, a case can be brought up by certiorari only in cases from which an appeal could have been taken.

We find no provision in the statutes for a similar proceeding, with regard to any other court; but, as shown, if the right to such proceeding attaches to a case tried in the inferior court of Jefferson county, it would attach

with the same limitation. So far as the record of the inferior court shows, it was judicially ascertained that the attorney in fact had the authority to confess the judgment, and it follows that, until that judgment is set aside by some judicial proceeding, it stands as a valid and binding judgment between the parties, and, being such, neither party could, by an ex parte proceeding, without a judicial investigation, on the mere allegation of matters de hors the record, have that judgment set aside. If it is a nullity, there is nothing to appeal from; if it is merely erroneous, it must be governed by the rules relating to appeals. Section 477 of the Code of 1896 provides that "a confession of judgment is, in law, a release of errors." An appeal does not lie from a judgment by confession.—*Wilson v. Collins,* 9 Ala. 127; *Murphree v. Whitley,* 70 Ala. 554.

As to what is the proper remedy, when a judgment has been confessed, without authority, the judgment will be declared a nullity when the facts are brought to the attention of a court of proper jurisdiction, and the general principle is that, if the nullity of the judgment appears on the face of the record, the court which rendered the judgment may, at a subsequent term, on motion, set aside the same. If the judgment is valid on the face of the record, and the invalidity can be shown only by proof of facts de hors the record, there seems to be some confusion in the decisions; some stating that it can be reached only by bill in equity, and some intimating that, if the judgment was obtained by fraud, it could be set aside, at a subsequent term, by the court which rendered the judgment.—17 Ency. Law (2d Ed.) 824-828, 836; 23 Cyc. 917, 918; 3 Cyc. 533; *Wilson v. Collins,* 9 Ala. 127; *Pettus, Adm'r. v. McClannahan, pro ami.,* 52 Ala. 55; *Jennings v. Pearce,* 101 Ala. 438, 14 South. 319; *Buchanan v. Thomason,* 70 Ala. 401; *Murphree v. Whitley,* 70 Ala.

554; *Vilas v. Plattsburgh, etc., Co.,* 123 N. Y. 440, 25 N. E. 941, 9 L. R. A. 844, 20 Am. St. Rep. 771; *Noble v. Moses Bros.,* 74 Ala. 604. See, also, *Hightower v. Coalson,* 151 Ala. 147, 44 South. 53, 12 L. R. A. (N. S.) 659, in which we held that equitable relief would be granted against a judgment by confession, in order to purge the transaction of usury. It is also clear from these authorities that, when a judgment has been rendered by confession, by an unauthorized attorney, or attorney in fact, the remedy is either by direct application to the court which rendered the judgment, or by bill in equity. It is true that this court has recognized the propriety of a writ of certiorari, in cases where the invalidity of the proceedings of some inferior court appears on its record, and no provision was made for an appeal; but these were cases of invalidity, and not void judgments, and the writ allowed was the common-law writ of certiorari, in which the judgment could only be quashed or sustained by an inspection of the record.—*Stanfill v. Court, etc., Dallas County,* 80 Ala. 288; *Miller v. Jones,* 80 Ala. 89, 93; *Independent Pub. Co. v. Amer. Press Ass'n.,* 102 Ala. 475, 15 South. 947; *Com. Court, Blount Co. v. Johnson,* 145 Ala. 553, 39 South. 910. There is nothing in these cases to authorize a statutory certiorari, to a judgment of an inferior court valid on the face of the proceedings, but void on the facts alleged, thus assuming the truth of the facts alleged, and granting to the defendant in the judgment a trial de novo, without proof of the facts alleged.

Counsel for appellee contends that section 477 of the Code of 1896 does not apply, because there was in this case no such confession of judgment as would bind the defendant. As shown above, the confession of judgment, being regular and valid on the face of the record of the inferior court, stands as valid and binding until set aside

by some regular proceeding, in which the plaintiff must have the right to insist upon its validity; and the writ of certiorari is not the proper remedy.

The judgment of the court is reversed, and a judgment will be here rendered quashing the writ of certiorari.

Reversed and rendered.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.