[Ex Parte Griffin.]

# *Ex Parte* Griffin.

## *Will Contest.*

(Decided June 29, 1912.  59 South. 303.)

1. *Courts; Special Term; Probate Court.*—Under section 5429, Code 1907, the judge of probate may call a special term of the probate court whenever, in the exercise of his discretion, he deems it necessary, without notice, and without any particular form, although a term of the probate court may be kept open from day to day so long as it is not continued into the next regular term.

2. *Same; Decree; Rendition; Term.*—Where petitioner filed a petition in the probate court for the probate of a lost will, and the court set the same for hearing on Sept. 29, and on that day an attempt was made to contest the will, which was eliminated, and the court proceeded to take testimony, and announced that he would render judgment at a later date, and on October 13th following, he filed a decree denying the probate and specifying therein that it was rendered at a special term held on that day the recitals of the decree imported absolute verity, and the decree was not void as rendered at a time when the court was not legally in session.

Original petition in the Supreme Court.

Petition by Leonard Griffin, as a proponent of the will, to review a decree of the probate court of Pike county denying probate of the will. Writ denied.

A. G. SEAY, for petitioner. The probate court is a court of limited jurisdiction, and the jurisdiction must affirmatively appear from the record. The court has no jurisdiction when sitting other than in term time as provided by section 5429.—*Moore v. McGuire,* 26 Ala. 461. The court must be open to render a final decree or judgment, and must be either in regular, special or adjourned session, and cannot be kept open beyond the next regular term.—*Blake v. Hardan,* 75 Ala. 205; *Ex parte Branch & Co.,* 63 Ala. 383. The record shows no agreement or consent, but shows that a judgment was rendered ex mero motu, and was void for want of ju-

· risdiction.—*Kidd v. Burke,* 142 Ala. 625; *Walker v. State,* 139 Ala. 56. Certiorari is the proper remedy to review the judgment.—*Exparte Boynton,* 44 Ala. 261; . *Denton v. Taylor,* 46 Ala. 388; *Stanfield v. Dallas County,* 80 Ala. 287; *Miller v. Jones,* 80 Ala. 287; *Miller v. Jones,* 80 Ala. 89; Sec. 140, Const. 1901. There can be no appeal without an appellee.—*Griffin v. Milligan* in MSS; *Elmore v. Stevens* in MSS. Counsel discuss the case on its merits with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.

No counsel marked for respondent.

SIMPSON, J.—This is a petition for a writ of certiorari to the judge of the probate court of Pike county.

On September 14, 1911, said Leonard Griffin filed his petition in said probate court, seeking to probate the last will and testament of Martha A. Motes, but stating that the original will had been lost, and could not be found. So the effort was to prove the contents of the lost will and have same probated. September 29, 1911, was set apart by the court as a day to hear said petition. On that day an attempt was made to contest the will, but was eliminated by the order of the court, to the effect that the party was not one of those authorized by law to contest. The court, however, proceeded to take testimony, and on the close of the testimony announced that it would "withhold its judgment and render it at some later day." On the 13th of October, 1911, a decree was rendered as follows: "Probate Court, Special Term, October 13, 1911. State of Alabama, Pike County: In the Matter of the Petition of Leonard Griffin to Probate the Last Will and Testament of Martha A. Motes, Deceased. This being the day to hear and

pass upon the petition of Leonard Griffin to probate a certain instrument as the last will and testament of Martha A. Motes, deceased"— going on to adjudge the evidence insufficient to establish the will, and to dismiss the petition.

The contention of the petitioner in this case is that, as there was no adversary party in the court below, so that an appeal could not be taken, his remedy is by certiorari; and that the decree of the probate court is void, because rendered at a time when said court was not legally in session.

Section 5429 of the Code of 1907 provides for regular terms of the probate court on the second Monday in each month; and that "the judge may hold special or adjourned terms at any time whenever necessary for any special purpose."

It is undoubtedly true that a court is without authority to render a judgment, except at the time prescribed by law for its sittings. In the early case of *Moore v. McGuire,* 26 Ala. 461, the judgment in a bastardy case was rendered in vacation, and the court states: "He must be sitting *as a court,* and holding either a special or adjourned term, which must be certified upon the record, or a regular term, of which, being regulated by public law, this court would judicially take notice." Also: "The record furnishes no evidence that any such term was ordered or held." Pages 462, 463.

In the case of *Harrison's Adm'r v. Meadors and Wife,* 41 Ala. 274, it was held that, in the absence of anything in the record to the contrary, this court would presume that the regular term of the court was continued from day to day until the day on which the decree was rendered. Page 279.

In the case of *Arrington et al. v. Roach, Adm'r,* 42 Ala. 155, which involved an order for the sale of person-

al property, this court held that, under this provision of the Code, "all orders which may be made without notice, and are necessary, are to be considered as 'grantable as matters of course,' " and that, as no notice was required in regard to said sale, it was valid, though not shown to be made at any general or special term. Pages 157, 158.

In the case of *Roach, Adm'r, v. Gunter et al.*, 42 Ala. 239, where the probate court made an order reciting the filing of an application for the sale of land, and appointing another day for hearing the same, on which day, in a record denominating it "a special term," the petition was granted, it was held that the decree granting the petition was valid; the court saying: "Unquestionably the probate judge has the power in vacation to appoint special terms. There is in law no restriction of his authority to the appointment of special terms to the time when he is holding a regular term. On the contrary, he is expressly authorized to make in vacation 'necessary orders, which are grantable as a matter of course.' The order for a special term may be appropriately classed as grantable as a matter of course."

The case of *Boynton v. Nelson*, 46 Ala. 501, 512, 513, is based upon the principle that an executor cannot be removed without notice; and consequently such order is not one grantable "as a matter of course." The complaint in that case was that the order removing the executor was made "at a special term to which the court had not been adjourned, and the time in which an appeal might have been taken had elapsed before he became informed of such order" (pages 509, 510) ; and the opinion emphasizes the fact that "this decree not only fails to state that the cause had been continued to this day, but the plain meaning of the recitals is that

nothing had been done in the matter since the 24th of May."

The decision in the case of *Blake v. Harlan,* 75 Ala. 205, is simply that, while a term of the probate court may be kept open from day to day, yet it cannot be continued, so as to include the next regular term, for the purpose of allowing a bill of exceptions to be signed, as that would be holding two terms of the court at the same time, and really evading the law requiring bills of exceptions to be signed during the term.

As will be seen, the statute does not require any notice nor any particular form for calling a special term of the probate court, but, as is proper, from the nature of the business in that court, leaves it discretionary with the judge to hold a special term whenever it seems necessary.

In the present case the evidence had been taken, and nothing remained but for the court to render its decree, which was a "necessary order.　*　*　* grantable as a matter of course." Besides, the record states that it is a "special term," and that "this being the day to hear and pass upon the petition, etc.," and said court being a court of general jurisdiction in this matter, the recitals import absolute verity. We hold, then, that the decree is legal.

In this proceeding we can consider only the defects apparent upon the record.—*Miller v. Jones,* 80 Ala. 89; *Cushman v. Commissioners' Court,* 160 Ala. 227, 49 South. 311; *Town of Camden v. Bloch,* 65 Ala. 237, 239; *McAllilley v. Horton,* 75 Ala. 491, 492; *Stanfill v. Court of County Rev.,* 80 Ala. 287, 290; *McCulley v. Cunningham,* 96 Ala. 583, 585, 11 South. 694; *Gray v. Southern Railway Co.,* 116 Ala. 654, 655, 22 South. 973; *Max J. Winkler Brokerage Co. v. Courson,* 160 Ala. 374, 377, 49 South. 341.

[Alabama Consolidated Coal & Iron Co. v. Herzberg.]

The writ of certiorari is denied. All the Justices concur, except DOWDELL, C. J., not sitting.