(75 South. 191)

### KENEDY v. T. R. MILLER MILL CO.
(3 Div. 232.)

(Court of Appeals of Alabama. April 17, 1917.)

1. EVIDENCE ☞82 — PRESUMPTIONS — PROCEEDINGS OF INFERIOR COURTS.

When the judgment of an inferior court shows the facts necessary to confer jurisdiction, then the same presumptions are indulged in favor of the regularity and validity of its proceedings as are extended to the superior courts, and the record can be impeached only in like cases and to the same extent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 104.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. JUSTICES OF THE PEACE ⊂⊃122(1) — JUDG-MENTS—VALIDITY.

Since Code 1907, § 4656, prescribes no time for holding justice court, but merely preserves defendant's right to plead until 12 m., defendant is not excused from attendance before 12 m., and a judgment is valid, though it fails to recite that it was rendered after 12 m.; it being presumed that the time for answering had expired.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 382.]

3. CERTIORARI ⊂⊃29—WHEN PROPER.

Common-law certiorari will not lie to correct a judgment which is not void.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 42.]

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Suit by Sallie Belle Kenedy against the T. R. Miller Mill Company. To review a default judgment, defendant brought certiorari. From a judgment quashing the default judgment, plaintiff appeals. Reversed and rendered.

Sallie Belle Kenedy brought suit against T. R. Miller Mill Company, a corporation, in the justice court of W. B. Northcutt, a justice of the peace. Service was had on defendant and due return made, and on May 8, 1915, the following judgment was entered:

"This cause coming on to be heard on this 8th May, 1915, the plaintiff appeared by her attorney, and the defendant, being called, came not, but made default, and competent evidence having been introduced, and legal proof having been made that the party upon whom the summons was served and upon whom service was made was such person as shown by the service, to wit, George Miller, president of the defendant corporation, and the court being satisfied from all the evidence in the case that the plaintiff is entitled to recover of the defendant damages in the sum of $40, the value of one cow, as shown by the evidence to have been killed by the defendant corporation, it is therefore considered and adjudged by the court that the plaintiff do have and recover of the defendant the said sum of $40, together with all the costs in this behalf expended, for which execution will issue as provided by law.

"W. B. Northcutt, Justice of the Peace."

The defendant applied for and obtained the common-law writ of certiorari to have the judgment declared void. On the trial in the court below the respondent moved to dismiss and quash the writ, and also demurred to the petition. The court overruled both the motion and demurrers, and, on motion of the petitioner, judgment was rendered quashing the judgment in the justice court.

James F. Jones, of Evergreen, and R. H. Jones, of Andalusia, for appellant. Page, McMillan & Brooks, of Evergreen, for appellee.

SAMFORD, J. [1] The sole and only question presented by the record and by brief of counsel is whether the judgment of the justice court is void for the reason that it fails to state that the judgment was rendered after 12 o'clock noon. When the judg-ment of an inferior court shows the facts necessary to confer jurisdiction, then the same presumptions are indulged in favor of the regularity and validity of its proceedings as are extended to the superior courts, and the record can be impeached only in like cases and to the same extent. 23 Cyc. 1082 (11), and authorities there cited.

[2] It is undoubtedly the law, as stated in Ex parte Griffin, 177 Ala. 243, 59 South. 303, "that a court is without authority to render a judgment, except at the times prescribed by law for its sittings." But Code, § 4656, does not prescribe the time for holding a justice court, but preserves to the defendant the right to plead until 12 o'clock noon. It does not excuse him from attendance prior to that time. In this case the judgment of the justice court shows that there was jurisdiction both of the person and the subject-matter, and it will be presumed, in support of its judgment, that the time for answering had expired. Catanich v. Hayes et al., 52 Cal. 338; Martin v. Crook, Judge, 155 Ala. 198, 46 South. 482.

[3] The judgment of the justice court was not void, and hence a common-law certiorari does not lie. It therefore follows that the judgment of the circuit court must be reversed, and, as there can be no change of the facts, a judgment will be here rendered, quashing the writ of certiorari issued out of the circuit court of Conecuh county, and dismissing the petition.

Reversed and rendered.