# Southern Express Co. *v.* Ashford.

*Action against Express Company to recover Damages to Property, sustained during Transportation.*

1. *Pleading and practice; sufficiency of judgment upon demurrer.* A judgment entry which recites that a "demurrer is, by the court heard, considered and overruled" or "sustained," as the case may be, is not a sufficient judgment upon demurrer, and will not authorize a review by the appellate court of the rulings thereon.

2. *Action against express company; when sufficiently shown to be a common carrier.*—In an action against an express company, seeking to recover damages sustained by a dog while being carried to a designated place, where the complaint alleges that the defendant as a common carrier, for a reward, received the dog to be transported to a named place, and the evidence shows that the company had received the dog from the plaintiff to be shipped to the said named place for a reward, which was the regular charge for such transportation, and there was testimony tending to show the custom of the defendant in the handling of live stock carried by express, and that the defendant was provided with express offices and messengers along its line, who received, attended to and forwarded its freight, there is sufficient evidence introduced tending to establish the fact that the defendant was a common carrier, as alleged in the complaint, although no witness swore to such fact in terms; and such evidence justifies the refusal of the general affirmative charge requested by the defendant upon the theory that there was a failure to prove that the defendant was a common carrier as alleged in the complaint.

3. *Same; negligence in attention to dog expressed; sufficiency of evidence.*—In an action against an express company, seeking

[Southern Express Co. v. Ashford.]

to recover damages for injuries sustained by a dog while being transported by the defendant, where the negligence complained of was that the defendant failed to give the dog proper care and attention in the matter of food, water and exercise, to authorize a recovery by the plaintiff, it is not incumbent upon him to show that the defendant failed to give to the dog any water, food and exercise, it being necessary under the averments of the complaint only to show a failure to give proper and an adequate supply of these things.

4. *Same; same; same.*—In such an action, where the negligence complained of in one of the counts of the complaint was, that the defendant failed to give the dog an adequate supply of food and water, a charge is erroneous and properly refused which instructs the jury that in order for the plaintiff to recover under said count, he must prove that the defendant failed to give the dog food and water and exercise.

5. *Same; same; same.*—In an action against an express company, to recover damages for injuries to a dog being transported by the defendant to a given person at a designated place, where the negligence complained of was that the defendant failed to give the dog proper care and attention in the matter of food, water and exercise, and the evidence shows that the dog was received by the consignee at the place of destination, the fact that the consignee, in the absence of the defendant's agent, removed the dog and gave a receipt for its being in good condition and without objection, is not a conclusive defense where it does not appear that at the time referred to the consignee had examined the dog.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action by T. T. Ashford against the Southern Express Company, a common carrier, to recover $250 damages for the death of a certain pointer bitch, named Belsora, shipped by the plaintiff over defendant's line to one, J. M. Avent, of Hickory Valley, Tenn.

The case was tried upon the second count, as originally filed, and upon the third and fourth counts of the complaint, as amended. Each count charged that the defendant received as a common carrier from the plaintiff a certain pointer bitch, named Belsora, to be delivered by it to one, J. M. Avent, at Hickory Valley, Tenn., for a reward; said bitch being then in good order and condition. The gravamen of the complaint is thus stated in the several counts:

[Southern Express Co. v. Ashford.]

In the second count it is alleged that when the bitch "was delivered at the point of destination she was very weak in her hind legs and loins, resulting from injuries received by her while in transit, and from which she shortly thereafter died."

In the third count, as amended, it is alleged that said bitch was not delivered at the point of destination until the evening of October 29, 1887, at about 6:30 o'clock, and the plaintiff further alleges that the defendant, during the transit, failed and neglected to give said bitch proper care and attention in the matter of food, water and exercise, whereby, being in a crate, she was greatly injured, so much so that she became weak in the hind legs or loins and shortly thereafter died, by reason of such neglect.

In the fourth count, as amended, it is alleged that said bitch was kept in the custody and under the control of the defendant prior to delivery for a long period of time, to-wit, until the evening of October 29, 1897, a period of about fifty hours; and the plaintiff further alleges that during said period of time said bitch was confined within the crate in which she was shipped, and that it became and was the duty of defendant to supply said bitch during the transportation with an adequate supply of food and water, and to afford her an opportunity to relieve her bowels and kidneys, and that in order to do so it was necessary to remove her from the crate for that purpose, and the plaintiff alleges that during said period of time the defendant failed and neglected to give said bitch an adequate supply of food and water, and failed to remove said bitch from the crate so that she could relieve her bowels and kidneys, by reason of which neglect and failure on the defendant's part the said bitch was so weakened and injured that she shortly thereafter died.

The record shows that a demurrer was filed to the third and fourth counts of the complaint, and in the first and second assignments of error it is complained that the circuit court erred in overruling the demurrers to the third and fourth counts. The recital of the judgment entry as to these demurrers is as follows: "By leave of the court defendant is allowed to withdraw pleas and to file demurrers to the third and fourth

38

counts, and defendant's demurrer is by the court heard, considered and overruled." The pleas of the defendant were then refiled. There were three pleas. The first was the plea of the general issue, and the second and third were as follows: "2. For further answer to each of said counts separately, defendant says that there was no bill of lading or written contract or other express contract, and Hickory Valley, Tennessee, to which point said bitch was shipped by the plaintiff, is not and was not on any line operated or controlled by this defendant, and that said bitch had to be delivered to a connecting carrier, to-wit, the American Express Company, at Milan, Tennessee, for delivery at Hickory Valley, and defendant avers that it did deliver the said bitch to the said American Express Company at Milan as aforesaid, in good order and condition for transportation to Hickory Valley, as aforesaid."

"3. For further answer to each of said counts separately, defendant says that there was no bill of lading or written or other express contract, and Hickory Valley, Tennessee, to which point said bitch was shipped by the plaintiff is not and was not on any line operated or controlled by this defendant, all of which was well known to the plaintiff, and that said bitch had to be delivered to a connecting carrier, to-wit, the American Express Company, at Milan, Tennessee, for delivery at Hickory Valley, and defendant avers that it did deliver the said bitch to the American Express Company at Milan, aforesaid, in good order and condition, for transportation to Hickory Valley, as aforesaid."

There were demurrers interposed to these pleas and the recital of the judgment entry as to such demurrers is as follows: "Plaintiff's demurrers to defendant's second and third pleas, are, by the court heard, considered and sustained."

The shipment of the bitch by the plaintiff, as alleged in the complaint, is proven without any conflict, and the testimony of the plaintiff to the effect that the bitch, when delivered to the defendant, was in a perfectly healthy condition, and had been so all her life, was not disputed. It was also proven without any conflict that when the dog arrived at the point of destination, about

fifty hours after her shipment, she was weak in her hind legs and loins, partially paralyzed in her hind parts, and in a few days died, notwithstanding proper medical attention was given her. It was also shown by experts that the confinement of a dog for that length of time in a crate, without taking it out to exercise and permitting it to respond to the calls of nature, and not feeding or watering it regularly, was calculated to produce weakness and paralysis, such as the dog in question was shown to have had after reaching Hickory Valley.

The consignee testified as to the condition of the dog immediately upon her arrival, showing that suffering as described by the expert would be the result of her long confinement without having had the proper care and attention.

The testimony introduced by the defendant was that of its various employés who handled the dog from Birmingham to Hickory Valley. It was shown that the delivery of the dog was delayed by quarantine regulations at several places, and that the trip required a much longer time than was anticipated. The defendant introduced further evidence tending to show that the dog had been given proper care and attention upon the trip, and that at Milan, in Tennessee, the dog was taken out of the crate for the purpose of being fed and watered. It was further shown that the dog was delivered at Milan to the American Express Company, a connecting carrier. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant requested the court to give the general affirmative charge in its behalf, and also separately requested the court to give the general affirmative charge in its behalf as to the second, third and fourth counts. The defendant also requested the court to give to the jury the following written charges: (6) "I charge you that before the plaintiff can recover under the third count of the complaint, he must show to your reasonable satisfaction by the evidence that the defendant failed to give to the dog food, water and exercise, and although you may believe from the evidence that the defendant failed to give the dog exercise which was proper under the circumstances, you must find for the

[Southern Express Co. v. Ashford.]

defendant on this count." (12) "I charge you that before the plaintiff can recover under the fourth count of the complaint he must show to your reasonable satisfaction by the evidence that the defendant failed to give the dog food and water and exercise, and although you may believe from the evidence that the defendant failed to give the dog the exercise which was proper under the circumstances, you would not be justified because of this omission alone to find for the plaintiff on this count." (13) "I charge you that before the plaintiff can recover under the third count of the complaint, he must show to your reasonable satisfaction, by the evidence, that the defendant failed to give the dog food and water and exercise, and although you may believe from the evidence that the defendant failed to give the dog the exercise which was proper under the circumstances, you would not be justified because of these omissions alone to find for the plaintiff under this count." (15) "If the jury believe from the evidence that the bitch was removed from the custody of the agent at Hickory Valley, by the consignee, in the absence of the agent; and thereafter the consignee receipted for the dog in good condition and without objection, and after such receipt the bitch developed disease from which she died, the defendant is not liable."

The court refused to give each of the charges requested by the defendant, and to each such refusal the defendant separately excepted.

There were verdict and judgment for the plaintiff, assessing his damages at $250. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ALEX. T. LONDON and JOHN LONDON, for appellant. The plaintiff failed to prove his complaint as alleged. By the averments of the third count the plaintiff charges that the dog died by reason of the failure of the defendant, in disregard of its duty, in that behalf. to give the dog proper food. water and exercise, and under well established principles, it was encumbent upon the plaintiff to prove the wrong as alleged, although there may have been unnecessary particularity in the aver-

ment, and failure to prove any one of the elements thus rendered material would constitute a variance.—*L. & N. R. R. Co. v. Johnson*, 79 Ala. 436; *L. & N. R. R. Co. v. Dancy*, 97 Ala. 338; *K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 258; *M. & O. R. R. Co. v. George*, 94 Ala. 200.

CABANISS & WEAKLEY and ROBERT J. LOWE, *contra.* In this case, under each count of the complaint, the burden of proof was upon the defendant, after the plaintiff had shown shipment in good condition and delivery in a bad or injured condition.—*S. & N. R. R. Co. v. Henlein*, 52 Ala. 606; 3 Brick. Dig. 121; *L. & N. R. R. Co. v. Grant*, 99 Ala. 325; *R. & D. R. R. Co. v. Trousdale*, 99 Ala. 389; *McCarthy v. L. & N. R. R. Co.*, 102 Ala. 193; 5 Amer. & Eng. Encyc. of Law, (2d ed.), 469.

HARALSON, J.—1. The rulings of the court below on demurrers to the third and fourth counts of the complaint, are shown in the judgment entry to be: "defendant's demurrer is by the court heard, considered and overruled," and the demurrer to the second and third pleas is disposed of in the same language, except that the demurrer is stated as having been sustained. These rulings on the demurrer to the counts and pleas do not show a judgment thereon in either instance. The case is presented, therefore, as if no demurrers were interposed to the counts or pleas. This disposes of the first and second assignments of error.—*St. Louis P. Co. v. McPeters*, 124 Ala. 451; *McDonald v. Ala. M. R. Co.*, 123 Ala. 227; *Mercantile Co. v. O'Rear*, 112 Ala. 427.

The first count was withdrawn by plaintiff, and the cause was tried on the second count, and on the third and fourth counts as amended.

2. The first plea was that of the general issue, denying each and every allegation of the complaint. The complaint alleged that the defendant as a common carrier, received the dog to be transported to a named point. It is insisted that the proof failed to show that defendant was a common carrier, as alleged in the complaint, and under the general issue, denying each and every allegation of the complaint, the general charge, as requested by defendant should have been given. It

may be admitted that it was incumbent on the plaintiff to prove this allegation of his complaint, susceptible of establishment by evidence, that defendant undertook to carry for persons generally, and held itself out as ready to engage in the transportation of goods for a reward, as a business, and not as a casual occupation.—2 Gr. Ev. §§ 210, 211; 3 Brick. Dig. 116, §§ 1, 6. The evidence shows that the company received the dog at Birmingham to be shipped to Hickory Valley, Tennessee, for the reward of $3, which was the regular charge. The fact that the company had established regular charges for such freight, tends to show that they were in the transportation business. A witness, Cargile, testified that it was customary at Decatur to water and feed all live stock carried by express, that had to lay over there any length of time. It was also shown that the company was provided with offices and express messengers along the line, who received, attended to and forwarded its freights. While no witness swore in terms that the express company was a common carrier, and held itself out as such, and was engaged in the transportation of freight for pay, as a business, it cannot be said that the evidence introduced did not tend to establish that fact. The jury, by fair inference therefrom, might reasonably have been satisfied that such was the case. There was other evidence also tending to support the averments of each of the counts in the complaint, in which state of proof the general charge could not have been properly given, as requested, for defendant on either of the counts.

The facts set up in the second and third pleas were not established, and there was no effort to do so. No question is raised concerning them, and they are allowed to pass from consideration.

Refused charge 6 for defendant postulates that plaintiff must show that the defendant failed to give to the dog food, water and exercise, or, any food, water and exercise, whereas, the count referred to—the 3d,— charges that defendant failed to give the dog *proper* care and attention in the matter of food, water and exercise. If it be conceded that the burden was on plaintiff to prove the negligence of defendant averred, he

[Southern Express Co. v. Ashford.]

would have been bound only to show the failure to give proper, or an adequate supply of these things, and the defendant would have been liable, if it failed to give such adequate supply, although it might have shown that it gave some food, water and exercise. The proof tended to show that defendant gave some food and water, but no exercise, and it tended also to show that it failed to give proper attention in these respects.

The 13th charge is subject to the same vices. Charge 12 asserts that plaintiff must prove, under the 4th count, that defendant failed to give the dog food and water and exercise,—that is, that there was an entire failure to give food, water and exercise, whereas, plaintiff, under this count, was bound only to show a failure to give an adequate supply of food and water. The failure to give the dog proper exercise on the trip is not counted on in this count.

Charge 15 was property refused. The matters therein hypothesized did not constitute a defense. The removal of the dog from the custody of the agent at Hickory Valley, in his absence, by the consignee, and his receipting for it in good condition and without objection, was not a conclusive defense against the plaintiff under any issue in the cause. It does not appear that the consignee had, at the time referred to, taken the dog from the crate and examined her. The further fact hypothesized, that after such receipt the dog developed disease from which she died, if true, would not imply that the supposed developed disease did not originate from seeds of disease sown from the negligence of defendant in the transportation of the dog, which the evidence abundantly tended to show. Indeed, the evidence shows without conflict that when delivered, and taken from the crate, the dog, within a short time afterwards, was in an injured and unhealthy condition; and there is an entire failure of evidence to show that the disease developed after the consignee receipted for her.

No error was shown in the rulings of the court below, and its judgment is affirmed.

Affirmed.