# Smith *v.* Patton.

## Action of Assumpsit.

1. *Certiorari; when it is properly dismissed.*—Where, in a civil action brought in a justice of the peace court, judgment is rendered against the defendant, and such judgment is satisfied, paid and extinguished before the writ of *certiorari* is sued out, such payment and satisfaction of the judgment constitutes a waiver and abandonment of the defendant's right to have the case tried *de novo* by the circuit court upon the *certiorari* which is issued; and upon such facts being shown to the circuit court, it is proper for the court to dismiss the *certiorari* on proper motion being made.

2. *Same; presumption on appeal in absence of bill of exceptions.* Where, upon the return to the circuit court of a writ of *certiorari*, motion is made to dismiss the *certiorari*, and each ground of the motion presents a disputable issue of fact upon which there is joinder of issue, upon appeal from a judgment granting said motion and dismissing the *certiorari*, where the record contains no bill of exceptions, it will be presumed by the Supreme Court that there was sufficient evidence before the circuit court to authorize the finding of fact necessary to sustain the judgment of dismissal.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

The facts of the case are sufficiently stated in the opinion.

J. W. BUSH, for appellant, cited *Grantham v. Payne*, 77 Ala. 584; *Wright v. Hurt*, 92 Ala. 591; *Wright v. Gray*, 20 Ala. 363; *Casey v .Bryany*, 1 S. & P. 51; *Van Epps v. Smith*, 21 Ala. 319.

No counsel marked as appearing for appellee.

TYSON, J.—The appellant was sued in a justice court, and a judgment was rendered against him. After the expiration of the time allowed within which an

appeal could have been prosecuted to the circuit court, he sued out a statutory writ of *certiorari*. On motion his *certiorari* was dismissed, and this appeal is prosecuted from the judgment of the circuit court dismissing it.

The second ground of the motion alleges that the judgment in the justice court was satisfied, paid and extinguished before the writ of *certiorari* was sued out. If this allegation was true in point of fact, there was a waiver or abandonment by the defendant of his right to have the case tried *de novo* by the circuit court upon his *certiorari*, which is accorded the same effect and operated as an appeal by the statutes.—Code, §§ 481-488; 2 Ency. Pl. & Pr. 175 and notes; *Hall v. Hrabrowski*, 9 Ala. 278; *Bradford v. Bush*, 10 Ala. 274.

But aside from this, each ground of the motion presented a disputable issue of fact and there seems to have been a rejoinder of issue upon the motion.

The record contains no bill of exceptions, and, therefore, the evidence upon which the lower court acted in granting the motion is not before us. We must presume, upon the state of the case as shown by the record, that there was sufficient evidence before the court to warrant the finding of fact necessary to sustain the judgment of dismissal.

Affirmed.