[Pitard v. McDowell, et al.]

# Pitard *v.* McDowell, *et al.*

*Assumpsit.*

(Decided November 28, 1912. 60 South. 555.)

1. *Attachment; Abatement; Issue; Liens.*—The court should not grant a motion to dismiss a suit upon the coming in of the verdict for defendant on the plea in abatement attacking the writ of attachment, where the issue raised by the plea went only to the question of the existence of a lien, as the plaintiff might still have the recovery of his debt under the express provisions of section 4770, Code 1907.

2. *Certiorari; Common Law.*—Sections 4864 to 4872 inclusive, Code 1907, do not provide for the granting of any other relief than that recognized by the common law.

3. *Justice of the Peace; Certiorari; Circuit Judges.*—Section 3259, Code 1907, does not confer upon circuit judges the authority to grant the statutory writ of certiorari to review the erroneous action of a justice of the peace.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Mary A. Pitard against Maude McDowell, and others, to enforce a lien for rent. From an order dismissing the action, plaintiff appeals. Reversed and remanded.

McMILLAN & GRAYSON, for appellant. The bill of exceptions should be established.—*M. & E. R. R. Co. v. Perryman,* 7 South. 383. The court erred in refusing the motion to quash the writ.—Section 3259, Code 1907; *Gray v. So. Ry. Co.,* 116 Ala. 654; *Sellers v. Smith,* 39 South. 356; *Walsh v. Hill,* 53 South. 746. The court erred in charging affirmatively on the plea in abatement.—*Johnson v. The State,* 17 South. 99. The court erred in granting motion to dismiss the cause.—*Dryer v. Abercrombie,* 57 Ala. 497; Sec. 4770, Code 1907.

FOSTER K. HALE, JR., for appellee.   No brief reached the Reporter.

PELHAM, J.—The case is submitted on motion to establish a bill of exceptions and on the merits. The application to establish the bill of exceptions is supported by proof that the bill set out in the transcript was presented to the trial judge within the time provided by law, and that it is correct, but that the judge refused to approve and sign it on the ground that it was incorrect. The evidence introduced in support of the motion to establish the bill as correct is without conflict and ample. The motion to establish the bill of exceptions is granted.

It is shown by the record in this case that the appellant originally sued John McDowell, Mamie McDowell, and Maude McDowell in the court of a justice of the peace, and subsequently brought in by amendment in that court Jeanette Elsworth as a party defendant. Judgment seems to have been rendered by the justice of the peace against all of the defendants except Mamie McDowell. The defendants Maude McDowell and Janette Elsworth applied to the circuit judge for a statutory writ of certiorari, which was granted, and the case was carried to the circuit court, where the defendants Maude McDowell and Janette Elsworth proceeded to trial on the merits on a complaint filed in that court. The bill of exceptions affirmatively shows that no evidence was introduced in support of appellee's (defendant's below) plea in abatement. The issue raised by the plea placed the burden of proof on the defendant Elsworth. Without any evidence in support of the plea, the court gave the general charge in favor of said defendant on the plea.

Upon the return of a verdict in favor of defendant on the plea in abatement attacking the writ of attachment, the court, on the motion of the defendant, dismissed plaintiff's suit. The issue raised on the plea in abatement went only to the question of the existence of a lien and the determination of that question did not authorize a dismissal of the plaintiff's suit.—*Code,* § 4770; *Dryer v. Abercrombie,* 57 Ala. 497.

Before entering on the trial, however, the appellant made a timely motion to quash the writ of certiorari by which the case was brought to the circuit court on the stated ground, among others, that a circuit judge has no authority to grant such a writ. The appellant excepted to the action of the court in overruling this motion, assigns the action of the court in this regard as error, and makes insistence on the point in brief. Our attention is directed by appellant's counsel to the fact that the authority of circuit judges to grant writs of certiorari does not include the right to grant the statutory writ, but is limited to writs grantable at common law (Code, § 3259), and that the authority to grant the statutory writ in cases of this kind is conferred only on judges of probate.—Code, 5430; *Gray v. So. Ry. Co.,* 116 Ala. 654, 22 South. 973.

Chapter 109 of the Code, providing how certiorari and other remedial writs of a supervisory nature shall be applied for and granted, does not provide for granting any other relief than that recognized by the common law.—*Winkler Brokerage Co. v. Courson,* 160 Ala. 374, 49 South. 341.

We are not cited to any authority conferred upon circuit judges to grant the statutory writ of certiorari, nor do our investigations disclose such authority. The appellant's motion to quash the writ should have been granted. The circuit judge not being clothed with the

necessary statutory authority to grant the writ bringing the case into the circuit court for trial de novo, that court was not authorized to proceed to and enter judgment in the case in the face of appropriate and seasonable objection to the method of bringing the case there.

Reversed and remanded.