# Davis *v.* Louisville & Nashville R. R. Co.

### Damage Suit.

#### (Decided June 10, 1915. 69 South. 231.)

1. **Appeal and Error; Review; Voluntary Nonsuit.**—Section 3017, Code 1907, limits the right of review on appeal solely to the ruling causing the nonsuit, and a plaintiff who takes a nonsuit from rulings not authorized by the statute, brings up nothing for review.

2. **Trial; Reception of Evidence; Offer of Proof.**—The court will not be put in error for sustaining an objection to a question not necessarily calling for evidence material to the issue, where the trial court was not informed what evidence the question was expected to elicit.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by W. A. Davis against the Louisville & Nashville Railroad Company for damages to goods in transit. From a ruling of the court not shown plaintiff took a nonsuit with bill of exceptions, and appeals. Appeal dismissed.

GUY RICE, for appellant. GOODWYN & McINTYRE, for appellee.

PELHAM, P. J.—The bill of exceptions in this case recites that: "After an argument to the court by both counsel for the plaintiff and for the defendant, the court ruled that the defendant railroad company was liable as a common carrier for the damages done to the goods in transit; that the measure of damages was the difference in the value of the goods at the time of receiving them by the carrier and their value at the time of

delivery, and that the defendant was not otherwise liable for damages sustained by reason of delay in the delivery by the carrier beyond a reasonable time; that the only liability upon the carrier would be the difference in the value of the goods when received, and when they should have been delivered. To this ruling of the court the plaintiff reserved exceptions, and then and there took a nonsuit with a bill of exceptions."

(1) The only authority for entering a voluntary nonsuit for the purpose of reviewing here the adverse ruling of the trial court is found in section 3017 of the Code of 1907.—*Engle v. Patterson*, 167 Ala. 117, 52 South. 397; *Rogers v. Jones*, 51 Ala. 354. The right of review on appeal is confined to the ruling superinducing the nonsuit, and to that ruling only.—*Engle v. Patterson, supra.* The statute (Code, § 3017) provides for a review of the particular ruling creating the necessity for taking a nonsuit when that ruling or decision of the court is either upon pleadings, admission, or rejection of evidence, or upon given or refused charges.—*Corn Products Co. v. Dreyfus Bros.*, 3 Ala. App. 529, 57 South. 517.

(2) The particular "ruling" of the trial court which it is stated caused the plaintiff to take a nonsuit is not shown to have been a ruling on the pleadings, evidence, or charges. Upon what the ruling was, in fact, made that is complained of as having caused the plaintiff to take a nonsuit does not appear, and, not being shown to be a ruling which our statute has fixed as one from which a plaintiff taking a nonsuit can appeal, it necessarily follows that the plaintiff, in taking a nonsuit from which appeal is not authorized, ceased to have a case in court, and that there is nothing before us which we are authorized to review.—*Corn Products Co. v. Dreyfus Bros., supra; Engle v. Patterson, supra.*

The ruling on the evidence assigned as error is affirmatively shown by the recitals in the bill of exceptions not to have been the particular ruling causing the plaintiff to suffer a nonsuit, and, even had it been otherwise, and this ruling on the evidence before us for review as having superinduced the nonsuit, the trial court would not be put in error for the ruling in sustaining the objection to the question that is made the basis of the assignment of error. The question to which an objection was sustained did not necessarily call for evidence material to the issue before the court, and it was not made known to the court what testimony the question was expected to elicit.—*Sellers v. State*, 7 Ala. App. 78, 84, 61 South. 485, and authorities there cited.

It follows from what we have said that the appeal must be dismissed.

Appeal dismissed.