(78 South. 962)

STEADING et al. v. WHEELER.
(6 Div. 521.)

(Supreme Court of Alabama. Jan. 24, 1918. On Rehearing, April 25, 1918.)

1. CERTIORARI ⟨⟩42(1) — PETITION — SUFFICIENCY.

While good pleading requires that petition for statutory certiorari name the judge or division of the court rendering the judgment sought to be reviewed, failure to do so does not invalidate an otherwise sufficient petition.

2. CERTIORARI ⟨⟩39—TIME FOR ISSUANCE.

Where the fiat of the probate judge on statutory certiorari to the court of common pleas was issued within six months of the rendition of the judgment, it was immaterial that the writ as finally issued by the circuit clerk was more than six months after the judgment.

3. CERTIORARI ⟨⟩42(1) — RECORD — SUFFICIENCY.

Where record on statutory certiorari showed that it was to review judgment of the court of common pleas of Birmingham, failure to name the judge did not defeat the writ since under Loc. Laws 1911, p. 372, the court of common pleas of Birmingham is a single court, although composed of two judges.

4. CERTIORARI ⟨⟩14 — SCOPE OF REVIEW — COURT OF COMMON PLEAS.

Though Code 1907, § 5430, subd. 3, makes statutory certiorari applicable only to civil judgment of a justice of peace, it extends to the court of common pleas of Birmingham in view of Loc. Laws 1911, p. 375, § 10, making the law applicable in appeals and certiorari to justices of peace applicable to court of common pleas of Birmingham.

5. CERTIORARI ⟨⟩28(2)—JUDGMENT REVIEWABLE—JUDGMENT CORAM NON JUDICE.

Although the petition shows that the judgment was rendered without service, and therefore coram non judice, statutory certiorari was available to review the judgment.

Appeal from Circuit Court, Jefferson County; J. E. Blackwood, Judge.

Action by Robert J. Wheeler against R. O. Steading and others wherein plaintiff got judgment and defendants filed petition in certiorari to remove the cause to the circuit court, and plaintiff moves to dismiss the writ and to issue procedendo. From an order granting the motion, dismissing the writ and issuing procedendo, defendants appeal. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Robert J. Wheeler sued R. O. Steading and others in the Birmingham court of common pleas, and recovered judgment on which execution was issued August 11, 1913, being the

date of the judgment. On December 8, 1913, Steading and others filed a petition with J. P. Stiles, judge of probate, Jefferson county, seeking to remove by certiorari the cause from the court of common pleas to the circuit court, alleging in effect that the judgment was erroneous, unjust, and unwarranted; that petitioners were not indebted to plaintiff in any way, and that they did not take an appeal within the time prescribed by law because they had no knowledge of the judgment until notified in November, 1913, by notice of the sheriff that the property had been levied on; that no summons had been served on them, and they were ignorant of the bringing of the suit until the levy was made in November. The fiat was issued on December 12, 1913, not only to send up the cause to the circuit · court, but suspending the execution. After the cause reached the circuit court, defendants filed their plea. Motion was made January 26, 1916, to dismiss the writ and for a procedendo order returning the cause to the court from whence it came. The basis of the motion, stated in various ways, was that the records of the court and papers filed in the cause fail to show that the cause was removed within the time allowed by law for the removal of causes by statutory certiorari to this court from any court over which this court is given the power to exercise appellate jurisdiction; want of jurisdiction and a failure of the papers to show that the probate judge ever issued an order or fiat in .the cause removing it to the circuit court. This motion was overruled, and on February 23, 1916, plaintiff filed another petition to set aside the judgment denying his motion, and on February 25, 1916, motion was granted and the certiorari was dismissed, and writ of procedendo issued to the lower court, and petitioners appeal. Reversed and remanded.

James L. Cole, of Montevallo, for appellants. W. M. Woodall and Robt. J. Wheeler, both of Birmingham, for appellee.

ANDERSON, C. J. [1-3] Good pleading should have suggested that the petition for the statutory certiorari name the judge or the division of the inferior court rendering the judgment sought to be reviewed, but the petition was sufficient to authorize the probate judge to act and when he issued the fiat, which was within six months of the rendition of the judgment, this operated as a timely removal of the cause to the circuit court as the "Birmingham court of common pleas" is but one court though composed of two judges, under the act of 1911 (Local Acts, p. 372), and it matters not that the writ as finally issued by the circuit clerk was more than six months after the rendition of the judgment by the court of common pleas. Wright v. Hurt, 92 Ala. 591, 9 South. 386.

[4] We held, upon a former consideration of this appeal, that the probate judge had no authority to grant this writ, as his right to do so was confined by subdivision 3 of section 5430 of the Code of 1907, to civil judgments rendered by a justice, and did not extend to the court of common pleas, but in arriving at this conclusion section 10 of the local act escaped our attention, and which provides that the law relating to appeals and certiorari in cases from courts of justices of the peace shall apply to appeals and certiorari from this court.

[5] It has been suggested that, as the petition in this case showed that the judgment was rendered without service, it was void and would not support an appeal, and that the statutory certiorari could only be issued to review an appealable judgment and not one that was coram non judice. As an original proposition this writer thinks there is merit in the suggestion under Winkler Brokerage Co. v. Courson, .160 Ala. 374, 49 South. 341; Cottingham v. Smith, 152 Ala. 664, 44 South. 864; Smith v. Patton, 128 Ala. 611, 30 South. 582. This point, however, has been recently settled by the court, contrary to the appellee's suggestion over the dissent of the writer in the case of Roddam v. Brown, ante, p. 109, 77 South. 403.

It follows that the trial court erred in dismissing the certiorari and in not trying the cause upon its merits, and the judgment is reversed and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

On Rehearing.

ANDERSON, C. J. Upon the first consideration of this case the court, being cognizant of the statute to the effect that the cause had to be removed within six months, held that it was not removed in time, as the writ was issued more than six months after the rendition of the judgment, notwithstanding the fiat was issued within six months. In doing this we read the case of Wright v. Hurt, 92 Ala. 591, 9 South. 386, as counsel now seems to understand it, that is, that it took the writ instead of the fiat or order of the judge to remove it; but upon a reconsideration of the case upon rehearing we observed that the Wright Case, supra, further on holds that when the judge to whom the petition is addressed, "orders the issuance of the writ, the case is thereupon to be treated as effectually removed to the circuit court for a new trial."

The other proposition suggested by counsel was settled adversely to his contention in the case of Roddam v. Brown, by the court en banc, notwithstanding the dissent of the present writer.

The application for rehearing is overruled.