194 So. 513

## WILBANKS v. MITCHELL et al.

### 6 Div. 574.

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

W. Marvin Scott and J. M. Kilpatrick, both of Cullman, for appellant.

St. John & St. John, of Cullman, for appellees.

168

**GARDNER, Justice.**

Following the ruling in this Court that her bill was without equity (Wilbanks v. Mitchell, 237 Ala. 3, 184 So. 894), the cause was transferred to the law side of the docket where plaintiff filed her complaint, and after a ruling on demurrer to the original complaint, and sustaining a motion to strike certain parts of amended counts,—she took a voluntary nonsuit, and appeals on the record proper, without bill of exceptions. Wimbush v. State, 237 Ala. 153, 186 So. 145; section 9459, Code of 1923.

But the record discloses no such judgment either on the demurrer or the motion, which will support a review. The record discloses what is a bench note or memorandum — "Demurrer to complaint sustained. Plaintiff amends complaint. Defendant files a motion to strike certain parts of the complaint. Motion granted." Nothing more appears. Under the uniform decisions of this Court this memorandum will not constitute a judgment supporting an appeal. As said in Ferrell v. City of Opelika, 144 Ala. 135, 39 So. 249, 250 (here much in point) "these were not sufficient or valid judgments, but merely a memorandum of the ruling of the court, and will not be reviewed on appeal." To like effect are McDonald v. Alabama Midland Rwy. Co., 123 Ala. 227, 26 So. 165, and Southern Express Co. v. Ashford, 126 Ala. 591, 28 So. 732.

Moreover, this question aside, plaintiff cannot be said to have shown by the record a necessity for the non-suit. In the absence of our statute (section 6431, Code of 1923), an appeal would not lie from a voluntary non-suit (Engle v. Patterson, 167 Ala. 117, 52 So. 397; Ex parte Martin, 180 Ala. 620, 61 So. 905; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11), and the record must show that it was necessitated by the adverse rulings of the court assigned as error. Kennedy v. Lyric Theater Co., 213 Ala. 153, 104 So. 274.

Following the ruling sustaining demurrer to the original complaint, plaintiff amended the same by filing counts 1–A and 1–B, which contained more detail statement, but added no greater burden of proof. The motion of defendant was directed to counts 1–A and 1–B, the purpose of which was to strike that part of the counts having reference to the judgment rendered on final settlement of the guardianship, defendants being of the opinion such recitals were intended as presenting a judgment conclusive against them. Reliance is had upon Rowe v. Johnson, 214 Ala. 510, 108 So. 604. This ruling was without error (Priebe v. Southern Rwy. Co., 189 Ala. 427, 66 So. 573), as the averments concerned only the admissibility of the judgment as evidence in the cause,—a question as well determinable without these averments in the complaint as with them.

The whole case considered, the appeal is due to be dismissed. It is so ordered.

Appeal dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.