2 So.2d 323

## PINKERTON v. STATE.

6 Div. 659.

Court of Appeals of Alabama.

Feb. 4, 1941.

Rehearing Denied March 18, 1941.

Morel Montgomery, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

104

**SIMPSON, Judge.**

The defendant appeals from a conviction below of violating the prohibition law by having in possession, illegally, whiskey in Fayette—a dry—County.

The corpus delicti was sufficiently established and the evidence was ample to support the judgment of conviction.

The indictment was, on February 28, 1940, duly presented in open court to the presiding judge by the foreman of the grand jury in the presence of the remaining seventeen grand jurors. It was accordingly endorsed and marked "filed" on said date and "signed" by the clerk of the court. This was a sufficient and accurate compliance with the statute. Code 1923, Section 4547, Code 1940, Tit. 15, § 250. That there also appeared endorsed upon the indictment the fact of its having been "filed" on February 17, 1940, did not affect the proper presenting and filing of the indictment as required by the statute, supra, and as shown by the correct endorsement thereon, first hereinabove mentioned. The incorrect endorsement, dated February 17th, was wholly abortive and ineffective and should be disregarded. Certainly it could have no effect upon the indictment which was thereafter duly presented as required by law.

A plea in abatement appears to have been filed, but just what proceedings were had to dispose of it is not clear. It, in effect, sought the discharge of defendant by alleging that no grand jury was in session on February 17th, and that, having been endorsed as filed on said date, the indictment was void. We fail to see the force of the appellant's argument. For diverse reasons, all of which are unnecessary to catalogue, is such a position untenable.

From aught appearing from the record, the grand jury may have been in session on February 17th as well as February 28th and, in fact, on March 20th, when the trial took place. Without proof this court will not assume the contrary.

As above indicated, the true and controlling presentment of the indictment was on February 28th. Then, too, there is no such judgment disposing of said plea as will support a review here. Morris v. State, 29 Ala.App. 396, 196 So. 750; Wilbanks v. Mitchell, 239 Ala. 167, 194 So. 513.

Nor can error be rested on the exclusion from evidence of a photograph of the scene, taken by defendant thirty days after the commission of the crime. One offering the same as evidence must show, extrinsically, that the photograph is an accurate portrayal of the place it is to depict, as of the time of the offense. This was not done and in refusing to allow its introduction the court acted correctly. 20 Am.Jur., Section 730, p. 609.

Nothing new was presented in support of the motion for a new trial and after due and careful consideration we think the judgment should be affirmed.

Affirmed.