78 So.2d 821

### Ex parte Cleavern BRYANT.

#### 6 Div. 51.

Court of Appeals of Alabama.

March 8, 1955.

Arthur D. Shores and Peter A. Hall, Birmingham, for petitioner.

Ling & Bains, Bessemer, for respondent.

HARWOOD, Judge.

Cleavern Bryant has filed in this court a petition for a writ of mandamus directed toward compelling the Honorable F. R.

Mathews, as Judge of the Circuit Court of the Tenth Judicial Circuit, to issue a so-called statutory writ of certiorari to the Recorder's Court of the City of Bessemer in the case of City of Bessemer v. Cleavern Bryant.

The petition for mandamus sets forth that Bryant was on 10 September 1954 tried and convicted in the Recorder's Court for violation of an ordinance of the City of Bessemer, and a judgment entered for the fine imposed and the costs. The fine and costs were immediately paid "under protest;" that the following day Bryant presented to the recorder an appeal bond which was wrongfully disapproved by the recorder on the ground that the petitioner had waived his right of appeal by payment of the judgment.

The petitioner further alleges that on 22 November 1954 Bryant presented to the respondent a petition for a writ of certiorari to the Recorder's Court, which petition was denied, the respondent endorsing thereon: "November 22, 1954, certiorari denied on the ground judgment has been paid and discharged, F. R. Mathews, Judge."

In his answer the respondent asserts that the appeal bond was denied for the reasons set forth by petitioner, and avers that the alleged bond was left with the secretary of the recorder on 17 September 1954 by Arthur D. Shores, a licensed attorney of this State; thereafter the recorder called the office of Arthur D. Shores and notified the secretary in Shores' office that the tendered bond could not be accepted as it did not comply with statutory requirements for an appeal bond. Sec. 587, Title 37, Code of Alabama 1940.

The answer further avers that the recorder was not authorized to accept the bond for the reason that Rule 5 of the Rules of the Circuit and Inferior Courts of this State, Code 1940, Tit. 7 Appendix, provides that: "An attorney may be surety for costs, but shall not be bail for his client either in a civil or a criminal case."

Respondent has also filed in support of his answer an affidavit executed by Honorable Jesse W. Davis, Recorder of the City of Bessemer. The affidavit is corroborative of the averments of the answer as to the refusal of the acceptance of the appeal bond.

Attached to Davis' affidavit as an exhibit is a photostat of the alleged appeal bond tendered. It is a printed form for an appeal bond from a judgment of the Recorder's Court of the City of Bessemer to the Circuit Court of Jefferson County. Only the name of Cleavern Bryant appears in the face of the bond, other than the signatures at the bottom. All other spaces are blank. At the bottom are the signatures of Cleavern Bryant and Arthur D. Shores. Another signature, rather illegible and apparently scratched through, also appears.

The respondent in his answer admits refusing the petition for certiorari and endorsing the petition as averred. However the respondent further avers that "the right of review afforded to the petitioner was by appeal and that as a condition precedent to a right of review it was necessary to give bond with good and sufficient sureties payable to the City to be approved by the Recorder or officer trying the case and unless such bond be given within five days from the date of judgment no appeal shall be allowed from such judgment and that on to-wit, November 22nd, 1954, more than five days had elapsed since the judgment was rendered on September 13th, 1954, and a good and sufficient bond as required by law had not been posted by petitioner nor was a reasonable excuse given for not posting the bond as required by law and the said fine having been paid by the petitioner your respondent avers and says that the statutory petition for Writ of Certiorari was properly denied by your respondent.

"Four: Your respondent for answer to paragraph seven avers and says that the issue of a Writ of Certiorari under the facts in this case required a finding of fact and as such is vested in the discretion of the Circuit Court and the denial of the Writ of Certiorari is not a ministerial duty for which a Writ of Mandamus will lie."

While, as we have shown above, denial of the writ of certiorari was upon

a stated ground, on consideration of the petition for mandamus we are not confined to that ground. Mandamus is an extraordinary legal remedy grantable only when petitioner shows a clear, specific legal right for enforcement of which there is no other adequate remedy. Ex parte McDanal, 32 Ala.App. 445, 27 So.2d 504, certiorari denied 248 Ala. 273, 27 So.2d 507. We therefore lay to one side the stated reason for the respondent's refusal to perform the act of granting petitioner's application for writ of certiorari, and proceed to a determination of the question whether or not petitioner had a clear, legal right to demand the granting of a writ of certiorari in any event.

The petitioner bases his asserted right upon Code 1940, Title 13, Section 184, along with Section 478, same title. Section 184 reads:

"Judges of circuit courts, and courts of like jurisdiction as the circuit courts, may grant writs of certiorari directed to recorders, justices of the peace, and judges of inferior courts in all cases where appeals lie from such recorder's courts, inferior courts, and justice courts to the circuit court and courts of like jurisdiction *in like manner and with like effect as probate judges are now authorized to grant such writs to justices of the peace.*" (Italics supplied.)

Section 478, Title 13, provides for the carrying of a cause from a justice's court to the circuit court, or court of like jurisdiction, by certiorari, within six months from rendition of the judgment.

■ It must be borne in mind that there is a distinction between common-law certiorari and statutory certiorari, as was pointed out in Ex parte McDanal, 32 Ala. App. 445, 27 So.2d 504, certiorari denied, 248 Ala. 273, 27 So.2d 507. In Pitard v. McDowell, 6 Ala.App. 236, 60 So. 555, it was held that what is now Section 182, Title 13, Code, did not confer upon circuit judges authority to grant the *statutory* writ of certiorari directed to a justice of the peace, but that such authority was con-

fined to probate judges. Section 184, supra, by its terms, merely conferred upon circuit judges the same power theretofore vested in probate judges to grant the statutory writ. That power was and is thus conferred on probate judges by Section 297, Title 13, Code of Alabama 1940, and reads:

"The judge of probate has authority:
* * *

"(3) To grant writs of certiorari on any *civil* judgment rendered by a justice, returnable to the next session of the circuit court or court of like jurisdiction of the county, * * *."

As long ago as 1879, our Supreme Court, speaking through Brickell, C. J., had this to say:

"In *civil causes*, a party has by statute the right, by certiorari, to remove a judgment rendered against him by a justice of the peace, into the Circuit or City Court, when, by the lapse of time, without fault on his part, the right of appeal has been lost. When the cause is introduced into the Circuit Court, it is tried de novo, on the merits, as if an appeal had been taken, without regard to the regularity of the proceedings before the justice, and without an inquiry whether the petition disclosed proper cause for awarding the writ. * * *

"It is, however, *in civil causes only* that the statute gives the remedy. When there is a judgment of conviction in a criminal case, of which a justice had jurisdiction, the defendant has a right of appeal, under the rules and regulations prescribed for the trial of appeals from the County Court. The cause, when carried into the Circuit or City Court, is tried de novo, on the merits. * * *

"The appellant, proceeding on the supposition that his right of appeal had been lost, because it was not claimed immediately on the rendition of the judgment of conviction, applied to and obtained from the judge of the City Court a writ of certiorari, to remove

the judgment of conviction, not assigning any error of law in the proceedings of the justice. The petition is based wholly on the idea, that, as in *civil causes,* a certiorari is an appropriate remedy to remove the cause into the City Court for a trial de novo upon the facts. The statute does not authorize the proceeding, and by giving an appeal, excludes it as an appropriate remedy. The City Court was without jurisdiction in the premises." Dean v. State, 63 Ala. 153. (Italics ours.)

It is significant that Article 2, Chapter 8, Title 13 of the Code of 1940, contains two subdivisions, No. 1 dealing with civil jurisdiction and procedure of Justices of the Peace, and No. 2, dealing with criminal jurisdiction and procedure. It is within this second, Criminal subdivision, that Section 428 appears, and which gives the right of appeal from a judgment of conviction in a justice court to the circuit court. The following section (i. e., Sec. 429) provides for trial de novo.

Our research reveals no departure from the holding in the Dean case, supra, nor have we discovered any statutory change which would affect its current authority. None of the cases cited to us involved a criminal proceeding. Insofar as our research discloses, all of the adjudicated cases construing and applying those provisions of the law relating to statutory certiorari (excepting alone the Dean case and a few earlier ones) involved civil proceedings. In one of the cases cited by the petitioner, Birmingham Realty Co. v. City of Birmingham, 205 Ala. 278, 87 So. 840, the Supreme Court, after pointing out the distinction between the common-law writ and the statutory writ of certiorari, observes that the *statutory* writ was confined to the review of *civil* judgments rendered in the justice court. This case was decided in 1921, long after the enactment of what is now Section 184, Title 13 of the Code.

In the particular case here involved, the trial and judgment of conviction were in the recorder's court. Appeal from a judgment of conviction in a recorder's court is specifically provided for in Section 587,

Title 37, Code. Neither this section nor any other makes any reference to a removal by statutory certiorari for trial de novo. Appeal being the exclusive remedy for removal of a judgment of conviction in a criminal cause from a justice court to the circuit court for a trial de novo, appeal is likewise the exclusive remedy with respect to such a judgment rendered in recorder's court.

It results that the circuit judge had no jurisdiction to entertain the petition for statutory certiorari in this cause, and had no alternative but to deny it, whatever might have been his assigned reason for so doing. The petition for mandamus is, therefore, denied.

Writ denied.