155 So.2d 609

**Donald A. SPRINKLE**

**v.**

**WALTER L. COUSE & COMPANY.**

6 Div. 988.

Supreme Court of Alabama.

Aug. 1, 1963.

Speir & Smith, Birmingham, for appellant.

Eldred B. Teague, Jr., Davies, Williams .& Wallace, Birmingham, for appellee.

MERRILL, Justice

Appeal from an order of the circuit court which granted a motion to quash a statutory writ of certiorari previously granted to the Jefferson County Civil Court.

Appellant filed a suit for damages against appellee in the Jefferson County Civil Court. Trial was had on October 31, 1962, and during the trial, for reasons not stated nor shown in the record, appellant took a voluntary nonsuit. Thereafter, on January 7, 1963, the time for taking an appeal having expired, appellant petitioned a circuit judge for a statutory writ of certiorari praying for a trial de novo in the circuit court. The writ was granted, appellee filed a motion to quash the writ and the motion was granted on March 8, 1963, in the following language:

"* * * The Court is of the opinion that the judgment rendered in the Jefferson County Civil Court on October 31, 1962 did not support an appeal and accordingly the writ of Certiorari issued was not valid. The writ of certiorari heretofore granted on January 7, 1963 is hereby quashed and held for naught. The petition for certiorari is dismissed and the plaintiff is taxed with all costs accruing in this cause in the Circuit Court, and the plaintiff excepts. * * *"

438

■ The sole question presented is whether the judgment of voluntary nonsuit in this case supports the writ of certiorari for removal of the cause to circuit court for trial de novo. We think it does not.

Title 13, § 184, Code 1940, is the only statute authorizing circuit judges to issue writs of certiorari to inferior courts:

"Judges of circuit courts, and courts of like jurisdiction as the circuit courts, may grant writs of certiorari directed to recorders, justices of the peace, and judges of inferior courts in all cases where appeals lie from such recorder's courts, inferior courts, and justice courts to the circuit court and courts of like jurisdiction in like manner and with like effect as probate judges are now authorized to grant such writs to justices of the peace."

■ The issuance of the writ is confined to the review of "any civil judgment" of an inferior court, and in fact constitutes "nothing more or less than an appeal by indirection,"[*] Birmingham Realty Co. v. City of Birmingham, 205 Ala. 278, 87 So. 840; Tit. 13, § 297(3), Code 1940.

■ A party has the right by certiorari, under Tit. 13, § 184, supra, read in connection with Tit. 13, § 297(3), to remove a judgment in a civil case rendered against him in an inferior court to the circuit court, when by lapse of time, without fault on his part, the right of appeal has been lost. When the cause is introduced into circuit court, it is tried de novo, on the merits, as if an appeal had been taken. Dean v. State, 63 Ala. 153; Ex parte Bryant, 38 Ala.App. 127, 78 So.2d 821.

That is what happened here. Appellant's time for appeal from the Jefferson County Civil Court had elapsed, and he exercised his right to petition for certiorari under the statute and "appeal by indirection."

■ The only source of the right to appeal from a voluntary nonsuit is Tit. 7, § 819, Code 1940, Gladden v. Columbiana Savings Bank, 235 Ala. 541, 180 So. 548; and in the absence of the statute, an appeal could not lie from a voluntary nonsuit. Wilbanks v. Mitchell, 239 Ala. 167, 194 So. 513. Tit. 7, § 819, provides:

"If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling or decision may be reserved for the decision of the appellate court by bill of exceptions or by appeal on the record as in other cases."

Under this statute, in order to appeal from a judgment of voluntary nonsuit, the record must show that it was necessitated by adverse rulings of the court. Wilbanks v. Mitchell, 239 Ala. 167, 194 So. 513; Haygood v. Boothby Realty Co., 272 Ala. 95, 128 So.2d 497; Davis v. L. & N. R. Co., 14 Ala.App. 200, 69 So. 231.

As already indicated, and conceded by appellant, the reasons for taking the nonsuit are not stated or revealed in the record. The adverse rulings necessitating the nonsuit must be shown to support an appeal from a judgment of nonsuit. Therefore, an appeal does not lie in the instant case. Since certiorari under Tit. 13, § 184, can be granted by the circuit judge only "in all cases where appeals lie," it follows that the motion to quash the writ of certiorari was properly granted.

Appellant relies on two cases, Roddam v. Brown, 201 Ala. 109, 77 So. 403, and Steading v. Wheeler, 201 Ala. 566, 78 So. 962. In each of those cases, the defendants in the inferior court showed, in their petition for certiorari, that they had no notice of the suit, had not been served with process, and did not learn of the rendition of the judgment in the inferior court until the time for appeal to circuit court had expired.

Appellant takes the position that this shows that the judgment in the inferior court was void, and even though the rule is that a void judgment will not support an appeal, still certiorari was granted in each of those cases. There is language in Steading v. Wheeler, supra, which lends credence to that view. That opinion was written by the then Chief Justice who had dissented in the Roddam case.

To get a clearer picture of the situation, we went to the original records in both cases. In each case, the return on the summons and complaint in the inferior court shows a certificate of the sheriff that the defendants were served.

This is an important point. If the record had shown no service, the judgment would have been void on the face of the record and would not have supported an appeal. But the allegations of non-service in the petition for writ of certiorari merely contradicted the record in each case. On its face, the record showed a valid judgment which was appealable, or as the statute states, they were "cases where appeals lie." As expressed in the Roddam case, supra, "The certiorari operated as an appeal, and the cause stood for trial de novo in the circuit court."

The distinction between those cases and the one before us is apparent. There, the judgments of the inferior courts were regular on their face and appealable. Here, the judgment was not regular on its face and not appealable because it was not shown what necessitated the taking of the voluntary nonsuit.

The applicable rule is that "even as to cases in the justice of the peace court, a case can be brought up by certiorari only in cases from which an appeal could have been taken." Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341.

Affirmed.

. LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.